CHIEF JUSTICE LINDSAY
delivered the opinion oe the court.
In declaring in assumpsit upon a promissory note, it was necessary at the common law to aver that the defendant promised to pay the sum of money sought to be recovered. (1 Chitty’s Pleading, 301, 302.)
If the declaration was in debt the averment should be *291 either that the defendant agreed or that he promised to pay, etc. (Ibid. p. 363, and vol. 2, p. 388.)
Under our Code of Practice a promise or agreement must be averred to make the petition good, and the exhibition of the note sued on will not obviate the necessity of setting out the undertaking, promise, or agreement. In this case neither the petition or the amendment sets out even in the most general terms a promise, agreement, or undertaking by the makers of the note exhibited to pay to the payees the sum of money named therein. A petition founded on a promissory note must so set out the promise, its terms, and its breach as to enable the court to render a judgment, upon the failure of the payors to make defense, without being compelled to resort to the note on file to ascertain these facts.
The pleader declares that the payors made and executed to the payees a paper which he denominates a promissory note. Whether or not that paper contains a promise, agreement, or undertaking to pay an ascertained sum of money, or indeed any sum of money, does not appear from any fact stated in the pleadings of the appellee. The fact that the paper is a promissory note can not be ascertained by the court unless it either accepts as correct the legal conclusions of the pleader or resorts to the paper on file to supply the averment omitted from the petition. The demurrer to the second paragraph of the petition as amended should have been sustained.
The demurrer to the first paragraph of the appellants’ answer was properly sustained. We do not doubt the right of a party who has not estopped himself from so doing to put in issue the organization of a corporation professing to have organized and to be doing business under the provisions of the act of congress known as the national currency act. But when, as in this case, the party attempting to raise such an issue has accepted as payee a promissory note made payable at a banking institution which the parties to the note style a national *292 bank, and has sold and transferred said note to said banking institution, he can not be allowed to raise the issue by merely averring want of knowledge or information sufficient to form a belief as to whether the institution is a body corporate organized and doing business under the act of congress. Whilst he is not estopped to make the defense, he has placed himself in an attitude which makes it his duty to ascertain from an examination of the public records of the treasury department of the general government whether the association with which he has been voluntarily dealing has authority to do business as a national bank.
We are of opinion that the second paragraph of the answer is also insufficient. The petition shows that the note sued on had been protested, and that appellants had been duly notified of such protest. The protest itself was on file with the petition. They do not deny that they received the notices of protest, and they were bound to take notice of the exhibits filed with the petition. They could not therefore be heard to say that they had not knowledge or information sufficient to form a belief “as to whether the note sued on in said paragraph was at its maturity duly presented at the counter of said National Bank of Monticello, and payment demanded and refused.” The protest on file imparted information to them; and if they refused with that information to form a belief, their pertinacity in that regard can not be allowed to operate to the prejudice of their creditor.
Nor are the concluding denials made in said paragraph sufficient. It was not enough to deny that the note was duly protested. This was in effect an admission that it was protested, or at least that it was attempted to be protested, and an averment, that some legal defect in the action of the notary rendered the protest ineffectual. This denial is no better than a denial of “ legal notice,” which was held to be insufficient in the case of Young, McDowell & Co. v. Bennett (7 Bush, 474).
*293 But even if the plea was treated as good, the appellee’s cause of action was fully made out. The protest proves all the facts the bank was required to establish. The notary being an officer of this state, his official signature is all that is required to the protest. This court in 1826, in the case of The Bank of Kentucky v. Pursley (3 T. B. Monroe), held that the notarial seal was not requisite to make the protest valid. There is nothing in the subsequent legislation on the subject indicative of an intention to change the rule announced in said case.
But for the defect in the petition the judgment must be reversed and the cause remanded for further proceedings consistent with this opinion.