## J. F. RAY v. AARON REDMAN, ET AL.

**Contract—Promissory Note—Sufficiency of Petition.**

> The filing of the note or a copy thereof as a part of the petition will not obviate the necessity of setting out the promise or agreement. It is necessary to aver a promise or agreement to pay.

### APPEAL FROM METCALFE CIRCUIT COURT.

October 8, 1877.

OPINION BY JUDGE ELLIOTT:

This suit was brought by appellees, who averred that they own and hold a promissory note on defendant, Joseph F. Ray, for the sum of $750, executed the 9th of October, 1873, and due one day after date, with interest thereon from date until paid at ten per cent. per annum, which note is due and unpaid, and is filed herewith as a part of this petition.

In *Huffaker v. National Bank of Monticello,* 12 Bush 287, it was decided by this court that in a suit, either at common law or under our Code of Practice founded on a promissory note, it is necessary to aver a promise or agreement to pay the money sought to be recovered, and that the exhibition of the note sued on will not obviate the necessity of setting out the undertaking, promise or agreement.

As the appellees only averred that they held an unpaid note on defendant, their petition did not state a cause of action. Wherefore the judgment is *reversed* with directions to the lower court to permit the appellees to amend their pleading, and for further proceedings consistent with this opinion.

*Boles & McQuown, for appellant.*

*R. B. Dhoney, for appellees.*