WILLARD VEACH v. SALLY M. TAYLOR'S ADM'R.

**Petition on Vendor's Lien.**

An allegation in a petition to enforce a vendor's lien is bad on demurrer which avers only that "said land lies in Daviess county, for which a deed has been made by this plaintiff, Junius May, and the deed duly acknowledged and recorded in county court clerk's office, a copy of which is herewith filed and made a part hereof, the vendor holding a true and perfect title to same, subject only to the lien retained by the notes sued on herein," for such averments fail to show that there is a valid lien on the land to secure the notes.

**Pleading Legal Conclusions.**

To allege simply that the vendor retained a lien in the deed is the allegation of a mere conclusion of law. Facts and not legal conclusions must be pleaded.

APPEAL FROM DAVIESS CIRCUIT COURT.

March 18, 1879.

Opinion by Judge Cofer:

Tested by the rule announced in *Huffaker v. National Bank of Monticello*, 12 Bush 287, the petition in this case was insufficient to authorize a personal judgment on the notes sued upon.

The petition is also defective in another respect. The plaintiff sought to enforce a vendor's lien on land conveyed while the Revised Statutes were in force. The petition did not contain an allegation that the plaintiff had a lien, or that a lien had been retained.

The petition contains this statement and no other in respect to the lien. "Said land lies in Daviess county, for which a deed has been made by this plaintiff, Junius May, and the deed duly acknowledged and recorded in county court clerk's office, a copy of which is herewith filed and made a part hereof (which does not appear to have been done), the vendor holding a true and perfect title to same, subject only to the lien retained by the notes sued on herein." This is certainly not sufficient to show that there is a valid lien on the land to secure the notes.

Conceding that a lien, valid between the parties, might have been given by appropriate language in the notes, they contain no intimation that it was intended to create or retain such a lien. It has been the general practice in such cases to allege that a lien was retained in the deed, and this practice has been generally if not universally acquiesced in. But tested by the ordinary rules of pleading, even that is not sufficient. The statute declared in substance that the vendor should not have a lien for purchase money unless it was stated in the deed what part of the purchase money remained unpaid.

Whether there is a lien therefore depends upon the question whether that provision of the statute was complied with. To allege simply that the vendor retained a lien in the deed is the allegation of a mere conclusion of law, and violates the rule which requires facts and not legal conclusions to be stated in a pleading. But the petition in this case does not contain even an allegation of a conclusion of law. There is at most only a statement in the form of a recital, and not the allegation of a fact, that the vendor's title was "true and perfect, subject only to the lien retained in the notes sued on."

This was clearly not sufficient under the most liberal rules of pleading. The agreement to pay interest at 10 per cent. should be construed to mean 10 per cent. per annum. Such is the common understanding of such a phrase, and was no doubt what the parties intended, and the writing imports a consideration, and it was unnecessary to allege a consideration.

But the additional four per cent. promised by that agreement is no part of the price of the land, nor is it an incident to it. The consideration for the promise to pay it was no doubt an agreement to grant indulgence, and being for indulgence and not for a part of the price of the land there is no lien to secure it, any more than there would be to secure a separate note given for an aggregate sum for a like consideration.

Judgment *reversed,* and cause remanded for further proper proceedings.

*Riley, Jolly & Walker, for appellant.*
*McHenry & Haynes, for appellee.*