R. H. Goodpaster *v.* J. H. Richart et al.

[Abstract Kentucky Law Reporter, Vol. 3—392.]

**Petition on Note.**

     A petition to collect a note must contain an allegation showing that the defendant promised to pay. A promise must be alleged in the petition to make it good, and the execution of the note sued on will not obviate the necessity of setting out the undertaking, promise or agreement.

APPEAL FROM BATH CIRCUIT COURT.

November 12, 1881.

Opinion by Judge Hargis:

There is no allegation in the petition that the defendant promised, agreed, covenated or undertook to pay the sum stated in the note sued on, or any sum; and no facts are stated from which an express promise is reasonably inferable. The consideration of the note is stated in the petition at some length, but the statement of the consideration does not amount to an allegation that the defendant promised or agreed to pay it.

It has been held explicitly by this court in *Huffaker v. National Bank of Monticello,* 12 Bush (Ky.) 287, that "Under our Code of Practice a promise or agreement must be averred to make the petition good, and the exhibition of the note sued on

will not obviate the necessity of setting out the undertaking, promise or agreement." The demurrer to the petition ought therefore to have been sustained.

There was no error in disregarding the protection papers, as they only protect defendant from arrest, and their mere exhibition does not authorize a stay of proceedings in a state court, and especially where the time has expired for presenting and filing a petition for a final discharge in bankruptcy, the presumption being, in the absence of an explanation, that the discharge was denied.

There is no other error in the proceedings. Wherefore the judgment is *reversed* and cause remanded with directions to sustain the demurrer, with leave to plaintiff to answer, and for further proper proceedings.

*J. J. Cornelison, for appellant.*
*Reid & Young, for appellees.* ·