CASE 61—PETITION EQUITY—OCTOBER 4.

# Gay, &c., v. City of Louisville.

93   349
133   818

APPEAL FROM LOUISVILLE LAW AND EQUITY COURT.

1. A CLAIM FOR TAXES AGAINST THE ESTATE OF A DECEASED PERSON SHOULD BE VERIFIED in the manner other demands are required by the statute to be verified. And section 773 of the Civil Code, which provides that the Louisville Chancery Court "may in actions for the sale of real property determine summarily, with or without pleadings, the amount of any State or municipal tax or assessment upon the property to be sold, and shall provide for the payment of the same in the judgment," even if it applies to actions for settlement of estates of deceased persons, was not intended to dispense with the verification of tax-bills against such estates.

2. SAME.—While unpaid taxes are not technically debt, the word "demand" includes a claim for taxes.

3. SAME.—Where an action has been commenced by a personal representative to sell real estate of a decedent to pay debts, there is no necessity for a creditor to present his demand for payment to such representative accompanied by affidavit. But still the court can not render judgment for payment of any demand whatever out of the proceeds of the real estate of a decedent, unless the affidavit has been previously made.

4. INFANTS CAN NOT BE REGARDED AS CONSENTING TO ANY VIOLATION OF THEIR RIGHTS OF PROPERTY. Therefore, as some of the heirs of the decedent in this case were infants, the failure to object to the payment of the tax-bills ordered to be paid out of the proceeds of the decedent's real estate can not be regarded as a consent to the judgment ordering their payment.

C. B. SEYMOUR FOR APPELLANTS.

1. The judgment was not a consent judgment.

2. Neither an objection nor an exception to a final judgment is necessary. (Coffman v. Wilson, 2 Met., 543.)

3. Section 773 of the Civil Code does not give the city of Louisville the right to intervene in an action to which she is not a party, and collect taxes therein without pleading, motion or evidence.

    A summary judgment can only be obtained on motion pursuant to notice, unless by some act notice has been waived. (Civil Code, secs. 444, 449.)

4. If John Gay was alive when the assessments were made, the taxes were a demand against his estate, and for want of verification the judgment appealed from is erroneous. (Gen. Stats., chap. 39, art. 2, secs, 35, 36,

Gay, &c., v. City of Louisville.

37.) If John Gay was dead when the assessments were made, they were void assessments, because lnot made against the owners of the property nor the parties to the action, and the judgment is erroneous.

LAF. JOSEPH for appellee.

1. The summary mode of ascertaining and providing for the payment of taxes adopted by the lower court is authorized by statute. (Civil Code, sec. 773; Session Acts, 1885-6, vol. 2, p. 916.)
2. When for taxes assessed against a decedent the city seeks only the enforcement of the lien on the property the statutory affidavit and demand need not be made. (Session Acts, 1887-8, vol. 3, p. 395.)
3. No exception was taken below to this summary mode of ascertaining and providing for these taxes, and the judgment was signed by both parties; the property was sold and the taxes paid under the order, and to disturb it now would only be productive of harm and confusion.

JUDGE LEWIS delivered the opinion of the court.

John Gay, Jr., died intestate, leaving several children, some of whom were infants, and an estate consisting of land and personalty, but not enough of the latter to pay debts, and consequently the Louisville Safety Vault and Trust Company, a corporation, having been appointed administrator, brought this action for settlement of its accounts and for sale of real property sufficient to pay debts.

During pendency of the action the City of Louisville filed under order of court tax-bills of unpaid municipal taxes for several years; and, without having been passed on and reported favorably by the master commissioner, or proved in any way, the lower court adjudged the amount of such taxes for the years 1883 to 1887, inclusive, be paid out of proceeds of land belonging to decedent's estate that had been sold under previous judgment.

Section 773, title 19, Louisville Chancery Court, Civil Code, provides that court "may, in actions for the sale of real property, determine summarily, with or without written pleadings, the amount of any State or munici-

pal tax or assessment upon the property to be sold, and shall provide for the payment of the same in the judgment; and if the plaintiff shall fail to ask therefor, the purchaser shall be entitled at any time before payment of the purchase price to a credit for the amount thereof."

Even if it be conceded that section was intended to apply to actions for settlement of estates of deceased persons provided for by chapter 3, title 10, which is by no means clear, still, giving to the section a fair and reasonable construction, we are satisfied no more discretion was intended to be given to the chancellor than simply to decide upon validity of tax-bills, and the question of lien on property sought to be sold, without written pleadings. For it would be without power of the Legislature to authorize a court to adjudge a tax-bill, in favor of either the State or City of Louisville, to be valid and enforceable against the estate of a deceased person without satisfactory evidence of it being a valid and unpaid demand, or at least when it did not so appear *prima facie.*

Sections 35 to 39, inclusive, of article 2, chapter 39, General Statutes, in express terms provide that all demands against the estate of a decedent shall be verified by the written affidavit of the claimant, stating that the demand is just and has never, to his knowledge or belief, been paid, and that there is no offset or discount against the same or any usury therein. And it is in terms too plain to be misunderstood, or disregarded by courts of justice, further provided, that "no demand against a decedent's estate shall be paid by his personal representative, or allowed as a credit by any commissioner or court, which is not verified by affidavit as required herein."

It has been sometimes held that unpaid taxes can not

be regarded as, technically, debt; but the Legislature has used the comprehensive term " demand," which includes the claim of a State or municipality for unpaid taxes as certainly and fully as the claim or debt of an individual. While, therefore, we would not, in view of section 773, Civil Code, be inclined to hold it indispensable for tax-bills to be referred to and reported favorably by a master commissioner, we are satisfied the court, before adjudging the amount of them paid out of the estate of a deceased person, should require them verified in the manner other demands are required by the statutes to be verified. For why should a personal representative be required to pay a tax-bill unless presented to him in such form as would be a voucher? And if he would not be required to pay upon presentation and demand the tax-bills in question, upon what principle can a chancellor undertake to say they shall be paid out of the proceeds of real estate of the decedent sold under judgment? How could the court in this case say, in the absence of the affidavit required by law, and of the dead man to speak in behalf of his estate, that the tax-bills, if even payable, had not been already paid?

It is, however, contended that as no exception to the filing, or objection to payment of the tax-bills, was made in the court below, the judgment must be treated as consented to and, therefore, can not be disturbed by this court. That position would be correct if it was not for the fact, some of the heirs at law of the decedent Gay were infants who could not, in legal contemplation, consent to any actual or seeming violation or disregard of their rights of property.

When an action has been commenced by a personal

representative to sell real estate of a decedent to pay debts, which is an admission the estate is insolvent, there is no necessity for a creditor to present his demand, for payment, to such representative, accompanied by affidavit. But still the court can not render judgment for payment of any demand whatever out of proceeds of the real estate of decedent, unless the affidavit be previously made. It was, therefore, error to adjudge payment of any part of the tax-bills in question, and that judgment is reversed and cause remanded with directions to set aside the judgment and require appellee to pay back amount of the tax-bills, unless in a reasonable time the affidavit required by law be made and the chancellor be satisfied they are due and unpaid.