CASE 26—ACTION TO ENFORCE MORTGAGE—MARCH 18.

# Creech, Etc. v. Abner, Etc.

APPEAL FROM LEE CIRCUIT COURT.

106  239
117   61

106  239
121  292

1. PLEADING—PETITION IN ACTION TO ENFORCE MORTGAGE.—In an
   action to enforce a mortgage debt, the petition must state speci-
   fically the promise to pay on the part of the defendant, an ac-
   ceptance of the mortgage on the part of the plaintiff, and the
   failure on the part of the defendant to pay the mortgage debt.
   A petition which lacks these substantive averments is fatally
   defective.

2. ADVERSE POSSESSION.—As long as the vendee looks to his vendor
   for a title, his possession is not adverse to the vendor and he
   can not avail himself of such possession to prove his title.

3. SAME—EVIDENCE.—In an action to foreclose a mortgage against
   defendant whose title is by adverse possession, evidence that
   the defendant held under a title bond from his vendor and
   claimed the land as owner, is incompetent to establish a title by
   adverse possession.

T. C. JOHNSON FOR THE APPELLANTS.

1. The right of appellees to enforcement of a lien against the land
   depends upon their right to recover their debt of E. G. Creech
   and as against Creech the petition is fatally defective, first,
   in failing to allege any promise to pay, or, second, any contract
   from which a promise may be implied. Moxley's Admr. v. Moxley
   2 Met., 309; Howard v. Chiles, 8 B. M., 377. Further, it is not
   alleged that E. G. Creech failed to pay the debt sued on. An al-
   legation that E. G. Creech is indebted to the plaintiff is insuffi-
   cient to supply the omitted averments. Drake v. Semonin, 82
   Ky., 291; Huffaker v. National Bank of Monticello, 12 Bush, 287;
   Corbin v. Oldham, 1 Ky. Law Rep., 327. The failure to set out
   the undertakings of Creech is fatally defective. Murphy v.
   Estis, 6 Bush, 532; Mann v. Martin, 82 Ky., 242; Hill v. Barnett,
   14 B. M., 67; Collins v. Blackburn, same, 203; Montjoy's Admr.
   v. Pierce, &c., 4 Met., 97; Riggs, &c., v. Motley & Co., 2 Ky.
   Law Rep., 88; Moxley's Admr. v. Moxley, *supra;* Miles v. Miller,

12 Ky. Law Rep., 134; Campbell v. Galbraith, same, 459; Huf-faker v. National Bank of Monticello, *supra;* Green v. Page, 80 Ky., 368. The petition further fails to allege a signing or delivery of the writing.

2. The possession of the vendee under an executory contract is, in contemplation of law, the possession of the vendor. Butts v. Chinn., 4 J. J. Mar., 64; Spriggs v. Allen, 6 J. J. Mar., 158; Hill v. Picketts' Admr., 91 Ky., 644.

3. It is not claimed by appellees that they advanced their money without notice of appellants' rights, nor can they do so if the mortgagee holds by contract only and not by deed. Boone v. Chiles, 10 Pet., 177. The appellees could not maintain a right to recover on their mortgage against E. G. Creech unless Creech himself could enforce his contract against his vendor; and this, under the authority of Usher v. Floyd, 83 Ky., 552, he could not do. White v. O'Banion, 86 Ky., 93; Newberger v. Adams, 92 Ky., 26; Ky. Stats., sec. 2351; Hill v. Picketts' Admr., 91 Ky., 644; and this, by virtue of the fact that the contract between E. G. Creech's vendor and himself was not in writing.

H. L. WHEELER FOR THE APPELLEES.

Parsons had knowledge of the mortgage to the appellees before her contract with Creech and at the time the mortgage from E. G. Creech was executed he was in possession of the land and had been living on it for more than twenty years with a claim of title. This constitutes title on the part of E. G. Creech and his mortgagee took an equity superior to that of Parsons who took with knowledge of the claim of the appellees. Com. v. Gibson, 85 Ky., 656; Wells' Hrs. v. Head, 2 B. M., 166.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

The appellees instituted suit in the Lee circuit court, seeking to obtain a judgment against E. G. Creech for the sum of $360, and also claimed a lien, and sought the enforcement of the same, upon a tract of land alleged to have been mortgaged or conveyed to the said Abners to secure the debt aforesaid. The appellants, Enoch Creech and Emily Parsons, were also made parties to the suit, it being alleged in the petition that Parsons asserted

some sort of fictitious claim upon the land, and that appellant Enoch Creech held the legal title to the land.

It is substantially averred in the petition that appellant Enoch Creech, on the ―― day of ――――, 18―, sold, and by title bond conveyed, to E. G. Creech the said tract of land, and at the time of said sale from Enoch to E. G. Creech he (Enoch) delivered the possession of said land to E. G. Creech, and that all the purchase money had been paid. It was also claimed by appellees that they were entitled to have said Enoch Creech convey the land to E. G. Creech, and asked that he be adjudged to do so.

The appellant Parsons filed a demurrer to the petition, which was overruled by the court, to which ruling the appellant excepted. The substance of the answer of appellant Parsons is a denial that the Abners had any lien upon the land mentioned for the payment of their said alleged debt, or any part of said debt, and also a denial of a sale of the land by Enoch Creech to E. G. Creech, or the execution of any writing by Enoch Creech to E. G. Creech requiring him to convey the land to E. G. Creech. It is also alleged in the answer that appellant Parsons had purchased the land from E. G. Creech, and was in the actual occupancy of same at the time of the execution of the alleged mortgage, and that she had continuously lived on same for more than four years last past. It is also claimed that she owes the defendant Enoch Creech some unpaid purchase money on his said land, which he is to convey to her by good and sufficient deed when she pays to him the unpaid purchase price of said land. In conclusion she prays that plaintiff's petition be dismissed, and that said alleged mortgage be adjudged null and void, and that she have judgment for her costs, etc.

The reply is a substantial traverse of all the affirma-

[16]

tive allegations of the answer of Parsons tending to show any right in her to hold the land, or any adverse possession thereof, at or prior to the execution of the mortgage. It is further averred in the reply that at the time of the execution of said mortgage by E. G. Creech he was living on said land, and in the actual possession of same; that he had purchased said land from his co-defendant, Enoch Creech, and had paid all the purchase money therefor, and was by Enoch Creech placed in the actual possession of said land, and had been in the actual possession as the owner of said land for more than twenty years before the execution of said mortgage; and that appellant Parsons had at all times recognized the mortgage of plaintiffs, and that it was her intention to pay off said mortgage as soon as she collected some money of one Lunsford.

Enoch Creech also filed his answer, in which he denied that plaintiffs had any lien under or by virtue of their alleged mortgage, and denied plaintiffs' right to have their alleged debt against the defendant E. G. Creech, or mortgage, adjudged a lien on said land, or any part of it, and denied that he ever sold the land in controversy to E. G. Creech, or ever executed any writing to that effect. The substance of his answer is that he had made a conditional verbal trade with E. G. Creech, by which, if E. G. Creech paid certain sums of money to him, he would sell the land to E. G. Creech; but he alleged that no such payment was ever made.

The plaintiffs, in their reply to the answer of Enoch Creech, denied that he only allowed and permitted his brother, E. G. Creech, to live on said land as tenant, or that he only allowed him to use and occupy said land. It is further alleged that at the time that Enoch Creech sold the land to his brother, E. G.

Creech, that he (Enoch) received some of the purchase money thereon, and put the said E. G. Creech in possession of said land, and that he (E. G. Creech) lived thereon from the ——— day of ———, 18—, up to the time of the execution of said mortgage, and afterwards until he sold or entered into some sort of arrangement with his co-defendant Parsons; that said E. G. Creech owned, claimed, and had possession of said land from the date of his purchase, claiming the same to a well-defined marked line and natural boundary, against the defendant Enoch Creech and all the world; that his possession, claim, and ownership of said land were open, notorious, and adverse to the defendant Enoch Creech and all the world; that he owned, claimed, occupied, and exercised actual ownership over said land to a well-defined boundary for more than twenty years before the filing of this action. It is further alleged, in substance, that Enoch Creech had all the time given it out publicly and privately that E. G. Creech was the owner of the land.

The rejoinders of the appellants may be taken as a traverse of all the material averments of the replies. The appellants, it seems, also excepted to the depositions of William Abner, John Abner, O. H. Davis, and Taylor McGuire, taken on the 13th of August, 1894. It does not, however, appear that the court ever acted upon the exceptions filed.

The court, upon final hearing, rendered a judgment against E. G. Creech for the sum claimed to be due the Abners, and also adjudged to them a lien upon the land described to satisfy the judgment, and adjudged a sale thereof; and it appears that the land has been sold, and exceptions filed to the report of sale, but it does not appear that the court ever passed upon the exceptions.

It will be observed that E. G. Creech made no defense, nor has he given his deposition in the case. It is insisted for appellants that unless the plaintiffs (now appellees) show a right to recover judgment against E. G. Creech,.and a lien upon the land in controversy, that they were not entitled to any judgment in this action, and that appellants can avail themselves· of any defense that E. G. Creech might have made; and it seems that this contention is tenable. It is further insisted that the petition is fatally defective, in that it fails to allege any promise to pay, nor does it set out any breach from which any promise can be inferred; that there is no evidence filed with the petition of indebtedness. It will be seen from the petition that, although it avers an indebtedness, and that E. G. Creech borrowed the money from the plaintiffs, and executed a deed or mortgage; yet it is nowhere expressly averred that E. G. Creech ever promised to pay to plaintiffs any sum of money, nor is it expressly alleged that plaintiffs accepted the deed or mortgage. It will be seen from the so-called "mortgage" that if E. G. Creech, on a certain day,—21st of April, 1891,—paid to plaintiffs the $360, the deed should become null and void, and there is no express averment that he failed to do so.

It is true that the petition says that the debt is due and unpaid. The answers filed do not cure the defect in the petition, and it seems to us that the petition failed to show a cause of action. See Moxley's Adm'rs v. Moxley, 2 Metc. (Ky.) 309; Cloud v. Clinkinbeard, 8 B. Mon. 397; (48 Am. Dec., 400), Huffaker v. Bank, 12 Bush, 287; Murphy v. Estes, 6 Bush, 532; 14 B. Mon. 67, 203; .Mountjoy's Adm'r v. Pearce, 4 Metc. (Ky.) 97.

It will be further seen that the petition shows the legal title to be in Enoch Creech, but it seems that the cause was

finally prepared and decided upon the assumption and idea that E. G. Creech had verbally purchased the land from Enoch Creech, and paid for the same, and had held it adversely for more than fifteen years prior to the institution of this suit, and in fact prior to the execution of the so-called "mortgage." It may be conceded that the evidence upon the part of plaintiffs tends to sustain the contention of plaintiffs that such purchase, payment, and holding had actually existed; but it may be well doubted whether, under the petition, such proof ought to have been admitted. It seems to us that the allegations in the reply and the proof introduced was, to say the least of it, in conflict.

It is a well-settled rule of law that, as long as the vendee looks to his vendor for title, his possession is not adverse, and that he can not avail himself of possession under such a contract to prove his title. A parol contract for the sale of land is not enforceable, and the vendee acquires no title whatever to the land by virtue of such sale; but all the modern decisions of this court sustain the doctrine that a party may, by parol, purchase land, and enter upon the same, and he may then openly and notoriously hold, claim, and occupy the same adverse to all the world, and that such adverse holding and occupancy will ripen into a perfect title within fifteen years, unless the statute is suspended or extended on account of the disabilities of the holder of the legal title. In other words, when the vendee has so held during the statutory period necessary to vest in him the independent title to real estate, that his title will in like manner become perfect, although he first entered under a parol contract.

Taking the pleadings and proof into consideration in this case, we are of opinion that the petition did not show a right to recover judgment against

E. G. Creech, nor a right to a lien upon the land in contro-
versy for the payment of any such judgment; nor do we
think the pleadings in this case authorized the plaintiffs to
rely upon and prove adverse possession of E. G. Creech in
order to show title in him to the land in controversy. But
upon the return of this cause the plaintiffs, as well as the de-
fendants, may be allowed to amend their pleadings, if they
so desire. For the reasons indicated, the judgment appeal-
ed from is reversed, and cause remanded for proceedings
consistent herewith.