## Bank of Anderson County v. Foster, et al.

(Decided January 11, 1912.)

### Appeal from Whitley Circuit Court.

1. Bills and Notes—Action Thereon—Allegations.—A petition on a note or other written contract must either set out the contract in its words, or in its legal effect. The allegation that the defendants executed a note is insufficient.

2. Same.—The allegation that the defendant countersigned a note is insufficient to show that they assumed any liability upon it.

J. N. SHARP for appellant.

T. Z. MORROW for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

The Bank of Anderson County brought this suit against the Jellico Mining Company, A. L. Foster, M. L. George, W. G. George and W. G. Dyer, in the Whitley Circuit Court. Foster, Dyer and the Georges filed a general demurrer to the petition. The circuit court sustained their demurrer, and the plaintiff failing to plead further, dismissed the action as to them. The plaintiff appeals.

Omitting certain formal allegations of the petition, we find that the material allegations so far as the appellees are concerned, are as follows:

"Plaintiffs state that on the 11th day of October, 1907, the defendant, Jellico Mining Company, executed and delivered to the Bank of Anderson County its certain promissory note for the sum of eight thousand five hundred ($8,500) dollars due and payable on demand and bearing interest from date at the rate of 6 per cent.

per annum until paid; that demand for payment of same has been made and refused.

"Plaintiffs state that in order to further secure the plaintiff, Bank of Anderson County, the defendants, A. L. Foster, M. L. George, W. J. George and W. G. Dyer, countersigned said note as further and additional sureties thereto; that the said note is now due and payable and that the defendants nor any of them, have not paid said note, nor any part thereof, nor have they nor any of them paid any interest thereon, but they and each of them have wholly failed and refused to pay said debt or any part of it.

"Plaintiffs say * * * that by reason of the defendants, A. L. Foster, M. L. George, W. J. George and W. G. Dyer, countersigning said note as further and additional security thereto the Bank of Anderson County is entitled to personal judgment against said sureties and each of them.

"Wherefore, plaintiffs pray judgment against the defendants, Jellico Mining Company, A. L. Foster, M. L. George, W. J. George and W. G. Foster, jointly and severally for the sum of eight thousand five hundred ($8,500) * * * and for all proper and equitable relief to which they may show themselves entitled."

In Huffaker v. National Bank of Monticello, 12 Bush, 287, where the court had before it a petition practically the same as the first paragraph above quoted setting out the note for $8,500, the court said:

"Under our Code of Practice a promise or agreement must be averred to make the petition good, and the exhibition of the note sued on will not obviate the necessity of setting out the undertaking, promise or agreement. In this case neither the petition or the amendments sets out even in the most general terms a promise, agreement or undertaking by the makers of the note exhibited to pay to the payees the sum of money named therein. A petition founded on a promissory note must so set out the promise, its terms, and its breach as to enable the court to render a judgment, upon the failure of the payors to make defense, without being compelled to resort to the note on file to ascertain these facts. The pleader declares that the payors made and executed to the payees a paper which he denominates a promissory note. Whether or not that paper contains a promise, agreement or undertaking to pay an ascertained sum of money, or indeed any

sum of money, does not appear from any fact stated in the pleadings of the appellee. The fact that the paper is a promissory note can not be ascertained by the court unless it either accepts as correct the legal conclusions of the pleader or resorts to the paper on file to supply the averment omitted from the petition. The demurrer to the second paragraph of the petition as amended should have been sustained.''

The rule announced in that case was reaffirmed in Davis v. Moxey, 19 R., 178; Moore v. Moxey, 19 R., 160; Creech v. Abner, 106 Ky., 239, and many subsequent cases. (See Newman on Pleading, Sec. 310.) The petition before us contains no averment from which we can know that the paper sued on was in fact a promissory note. It fails to show what the contract was. The rule is that the petition upon a written contract must either set out the contract in its words, or must set out in other words the substance of the contract. The petition before us does neither of these things.

The only connection which it is alleged that Foster, Dyer and the Georges had with the note is the statement that they countersigned the note. The word ''countersign'' is thus defined in Webster's Dictionary: ''To sign in addition to the signature of a principal or superior in order to attest the authenticity of a writing.''

The word is in common use in this sense in written contracts which provide that they shall not be binding until countersigned by some officer or other person. The allegation that the defendants countersigned the note is not sufficient to show that they assumed any liability.

The rule is that an exhibit can not help out a bad petition, although it may make bad a petition which is good on its face. The petition here is bad on its face, and we can not look to the exhibit for certain facts not alleged in the petition.

Judgment affirmed.