### Hetterman v. Oil Well Supply Co.

(Decided October 7, 1919.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch).

1.  Trial—Merchants—Distinction Between Merchant and Manufacturer.—A merchant is one who engages in the business of buying and selling goods or merchandise of all or any kind. The marked distinction between a manufacturer and a merchant is that the merchant or dealer sells to earn a profit, and the manufacturer sells to make a profit already earned.

2.  Limitation of Actions—Merchant's Account—Manufacturer.—An individual, partnership or corporation conducting a store in a city, town, or community for the sale of piping, casing, an dother supplies to be used in drilling oil or gas wells, is a "merchant" in the meaning of Ky. Stats , section 2518; and in making sales of such articles of merchandise to a customer, some of which were furnished from the store and others ordered from a manufacturer and shipped directly to such customer, the sale prices for the articles shipped being charged by the manufacturer to the merchant and by the latter to the customer, as were the articles sold him from the store, the account of the merchant against the customer for such merchandise is a "merchant's account" as defined by section 2518, an action upon which is barred by the limitation of two years prescribed by that section.

GRUBBS & GRUBBS for appellant.

GIFFORD & STEINFELD and JAMES P. GREGORY for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

The appellee, Oil Well Supply Co., a corporation created under the laws of West Virginia and doing a mercantile business at Charleston, that state, recovered of the appellant, John Hetterman, in the court below a

verdict and judgment for $813.17 with six per cent. interest from October 30, 1914, and costs of the action. The latter filed motion and grounds in that court for a new trial, but the motion was overruled and he has appealed.

The grounds urged for a new trial in the court below and now relied on in this court for the reversal of the judgment, were and are alleged error of the trial court in overruling appellant's motion, made at the conclusion of appellee's evidence, for a directed verdict in his behalf; and in sustaining appellee's motion for a directed verdict in its behalf at the conclusion of all the evidence. The action was brought upon an account of $1,574.38 for tubing, casing, and other supplies for use in drilling for oil and gas which appellee sold and delivered the appellant and his then partner, R. H. Yates, through their agent, Thomas C. Hall, on and between May 31, 1912, and October 30, 1914; the date of the sale of each article of merchandise, its character and price being stated in the account. The appellant's answer pleaded the statute of limitations applicable to a merchant's account contained in Ky. Stats., section 2518, which provides:

"An action upon a merchant's account for goods, wares, and merchandise sold and delivered, or any article charged in such account, shall be commenced within two years next after the cause of action accrued. In every action upon such merchant's account as last above described, the limitation shall be computed from the first day of January next succeeding the respective dates or times of the delivery of the several articles charged in the account; and judgment shall be rendered for no more than the amount of such articles as were actually charged or delivered within two years preceding that in which the action was brought; and if any merchant or trader shall willfully post-date any article charged in such account, or the receipt for the delivery thereof or cause it to be done, he shall forfeit tenfold the amount of such article post-dated, to be credited to the person against whom the account may be; and such credit shall be allowed such person in any action on the account without any written pleading setting it up."

Included in the merchandise charged in the account sued on at divers prices, aggregating $1,278.29, was a car load of piping, casing and other supplies for use in drilling for oil or gas, sold appellant and his partner's agent,

Hall, by appellee in the summer of 1912, for which they agreed through Hall to pay at that price. Although appellee at the time of this sale owned and operated the store in Charleston, West Virginia, in which it kept for sale and from which it regularly sold piping, casing and other supplies such as were later furnished in the car load of merchandise referred to, being unable from its stock then on hand in its store to furnish the order of appellant and Yates for the $1,278.29 worth of piping, casing and other oil well supplies, it proposed to order the same for them, at the price mentioned, from the National Tubing Co., at Loraine, Ohio, to which proposition appellant and Yates, through their agent, Hall, then and there agreed; and pursuant to that agreement the car load of piping, casing and other supplies was ordered by appellee and in due course received and delivered by it to appellant and Yates at Charleston, West Virginia; and was thereafter used by them in drilling an oil well near that city.

The other supplies for use in oil well drilling appearing in the account sued on, amounting in the aggregate to $296.09, were sold and delivered appellant and Yates by appellee from its store. Payments made appellee by appellant, or collected by the former of Yates on a judgment obtained against him in West Virginia, were duly credited on the account sued on; being, with the interest allowed on each, sufficient in the aggregate to pay for the merchandise sold by appellee to appellant and Yates from the store and, in addition, reduce the amount due appellee on the car load of merchandise sold them from $1,278.29, to $813.17, for which it obtained judgment in the circuit court.

The only witnesses introduced on the trial in the court below were the appellee's manager and agent and appellant's agent; and the testimony of these witnesses was supported by several letters between the parties relating to the transactions out of which the indebtedness evidenced by the account sued on arose. The evidence as a whole presents no conflict respecting the facts material to the decision of the appeal. The only controversy is as to the law of the case.

It is conceded by counsel for appellee that the latter's right of action for such of the piping, casing, and other oil drilling supplies, charged in the account sued on, as were sold appellant and his partner from its store, is

or, but for being paid, would have been barred by the limitation prescribed by section 2518 of the statute, *supra;* because as to those sales appellee was and is a merchant of the character described in that section. But that as to the sale of the car load lot of like merchandise sold by it to appellant and his partner, appellee was not a merchant in the meaning of that section, but a mere agent or factor of the manufacturer from whose factory it was shipped for delivery by its order for a commission paid appellee on the sale. Hence, that the limitation required to bar the right of action as to what remains unpaid of the amount charged in the account for the car load of merchandise, is the five years prescribed by Ky. Stats., section 2515. This view of the law was adopted by the trial court; and as appellee brought suit within the five years after the cause of action as to the car load of merchandise accrued, and its purchase was admitted by appellant, the jury were peremptorily instructed to find for appellee the amount unpaid of the price due on the car load of merchandise.

It is contended by counsel for appellant that as appellee had a local store from which it sold material and supplies to be used in drilling oil and gas wells, it was a merchant in the meaning of section 2518, *supra;* and that though in filing an order from a customer it directs shipment of the goods ordered to be made from a wholesale house or manufacturer instead of filling it from the stock in its store, the charge on its books for such goods so shipped the customer, is still a "merchant's account," an action upon which is barred in two years as provided by section 2518.

We think this contention sound. As said in Comlth. v. Paine Medical Co., 138 Ky. 164: "A merchant is one who buys and sells goods of all or any kind." In Webster's Dictionary the word merchant is thus defined, "One who carries on trade or who traffics; who buys goods to sell again; any one who is engaged in the purchase and selling of goods; a trafficker, a trader." In Chattanooga Plow Co. v. Hays, 140 S. W. 1068, the distinction between a manufacturer and a merchant is thus explained, "The marked distinction between a manufacturer and a merchant is that the merchant or dealer sells to earn a profit, and the manufacturer sells to take a profit already earned."

Manifestly, a merchant is one engaged in the business of buying commercial commodities and selling them again for the sake of profit; and any one who is engaged in the purchase and sale of goods is a merchant; nor does the fact that he may not have on hand when called for by a customer a particular commodity he is accustomed to deal in, and orders it shipped from elsewhere directly to the customer, alter his character as a merchant, where he is charged by the shipper with the price of the goods and the customer is charged on his books for the goods as if they had been sold from his store. These were the facts regarding the sale of the car load of merchandise involved in this case. It is not, therefore, material whether appellee was compensated in the transaction by a profit made in the sale of the merchandise, or by a commission from the shipper.

It is shown by the evidence in this case that appellee carried in stock in its store such articles of merchandise as were included in the car load sold appellant, and the account sued on shows that some of the articles charged therein to the latter, were of the same character as those contained in the car load. Moreover, it is admitted by appellee that the market prices of the contents of the car were charged to it by the manufacturer and paid the latter by it and that appellant was charged on its books with the prices at which it agreed to furnish him the contents of the car. These facts all demonstrate that the transaction occurred in the usual course of trade and was such as appertained to appellee's business as a merchant. Hence, we are clearly of opinion that the transaction was one between merchant and customer, and that the charges in the account sued on embracing the sale of the articles contained in the car load of merchandise were and are on the same footing with the items of account charged for sales of goods from appellee's store; and this being true, the limitation of two years prescribed by section 2518 of the statute, *supra*, also bars the recovery sought by appellee for the car load of merchandise; hence, the peremptory instruction asked by appellant directing a verdict for him, should have been granted.

For the reasons indicated the judgment is reversed for the granting of a new trial and such further proceedings as will conform to the opinion.