### Miller v. Howard.

(Decided December 19, 1924.)

Appeal from Harlan Circuit Court.

Trusts—Petition to Set Aside Deed of Trust Property Held Insufficient.—Where deed of property in trust for plaintiff, an infant, contained express authority to trustee to sell, notwithstanding that deed to trustee's grantor showed him without authority to confer such power of sale on his grantee, and such deeds were filed with infant's petition to set aside trustee's deed, alleging want of power to sell, the petition was insufficient, the first exhibit contradicting allegations of petition and the other not being competent to supply essential allegations.

R. L. POPE and F. L. HUFF for appellant.

J. S. FORESTER and HALL, JONES & LEE for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Through her next friend, Ben Gilbert, Mary Ball Miller, formerly Mary Ball, brought this suit to set aside a deed which her father and trustee, John H. Ball, made to E. M. Howard, Jr. A demurrer to the petition was sustained, and the petition dismissed. Mary Ball Miller appealed.

The petition is as follows:

"The plaintiff, Mary Miller, for her cause of action herein says that she is an infant under 21 years of age, and over 14 years of age, and brings this suit by her next friend, Ben Gilbert, who is a male citizen over 21 years of age, and under no legal disability, and who is a resident of Harlan county, Kentucky.

She states that she has no guardian, curator or committee residing in this state or elsewhere, though she applied in person to Hon. Mose Howard, who is the duly elected, qualified and acting county judge of Harlan county, to appoint a statutory guardian for her though he refused to do so. She says that said Mose Howard, who is now county judge of Harlan county, is likewise the father of this defendant.

She says that she is the daughter of John H. Ball, hereinafter referred to as 'trustee for Mary Ball,' and that the name of this plaintiff was Mary Ball until a short time ago when she married Lloyd Miller, who is also an infant under 21 years of age; that her mother is named Louisa Ball, and that her mother and father are now living separate and apart and have been for several months.

She states that on the 3rd day of December, 1910, her mother, the said Louisa Ball, purchased from R. B. Skidmore and wife two certain town lots in the town of Harlan, Harlan county, Kentucky, and which are bounded and described as follows:

First lot beginning at the southeast corner of the lot owned by R. B. Whitridge on the north side of Clover street; thence northwardly with said Whitridge line to within ten feet of the county jail lot; thence with said line eastwardly to the west line of the property now owned by A. M. Gregory, which fronts on Second street; thence westwardly with line of Clover street to the beginning.

She states that the deed to her mother, Louisa Ball, from said R. B. Skidmore and wife is recorded in deed book 23, at page 490, in the office of the county court

clerk of Harlan county, to which reference is hereby made and a copy of which will be filed if required by the court, filed herewith and made a part hereof marked 'Exhibit A' for identification.

The plaintiff states that on the 14th day of January, 1916, her father, the said John H. Ball, and her mother, the said Louisa Ball, sold and conveyed by deed said property to Smith Ball as her trustee and for her sole use and benefit and by said conveyance vested said title in said town lots absolutely in the plaintiff by virtue of making said deed to her said trustee, Smith Ball, to which deed reference is hereby made and a true copy of which is filed herewith and made part hereof marked 'Exhibit B' for identification, the same being recorded in deed book 30 at page 363 in the office of the county court clerk of Harlan county.

She states that on the 30th day of December, 1916, her said trustee, Smith Ball, sold and conveyed said town lots to her father, the said John H. Ball, as trustee for Mary Ball, and for her use and benefit and thereby vested the title of said property in this plaintiff by virtue of said deed to her trustee, the said John H. Ball, and which deed is recorded in deed book 33 at page 570, in the office of the county court clerk of Harlan county, to which reference is hereby made and she files herewith a certified copy of said deed and marks the same 'Exhibit C' for identification.

The plaintiff states that on the 29th day of April, 1922, she still being an infant, and without her knowledge and consent and against her will, the said John H. Ball, without an order of court or any other legal authority, and in violation of law, attempted to divest both the legal and equitable title to said town lots out of her by deed and attempted to vest the title thereto in the defendant, E. M. Howard, Jr., for and in consideration of the sum of six thousand dollars ($6,000.00) in which deed it is alleged that her trustee, the said John H. Ball, received one thousand dollars in cash, and a note for the remaining five thousand dollars, no part of which has been paid to her by her trustee, the said John H. Ball.

She states that the said alleged consideration of six thousand dollars for said property was and is grossly inadequate and that the said property is well worth at least twelve thousand dollars. She files a certified copy

of said deed and makes the same a part hereof and marks it 'Exhibit D' for identification, and which deed is recorded in book 44, page 532, in the office of the county court clerk of Harlan county, Kentucky, to which reference is hereby made.

The plaintiff states that said attempted sale and conveyance of her said property by said John H. Ball, is and was illegal and void and said deed is and was void and same is now a cloud upon the title to her said property, which she desires to be removed and be adjudged the true owner of said property. She states that she does not ratify or sanction or confirm said deed or attempted sale of her real estate, but upon the other hand she disaffirms the same and repudiates said transaction and now invokes the aid of the chancellor to protect her, an infant, in her property rights, and to cancel said deed and to remove said cloud from her property.

Wherefore, the premises considered, the plaintiff prays the honorable court for a decree based upon this proceeding in equity, to cancel said deed and to remove said cloud from her title to her said property, and that said attempted sale of her real estate by the said John H. Ball as her trustee, be held void and of no effect and that she be adjudged to be the absolute owner in fee and entitled to the immediate possession of said town lots, and she prays for all general and special relief to which she may show herself entitled in the premises. She prays for her reasonable cost in the action expended.''

The petition was verified by the next friend, who stated that its allegations were true except as to the value of the town lots about which he made no averment.

There were filed with the petition copies of the deed from John H. Ball and wife to Smith Ball, trustee, from Smith Ball, trustee, to John H. Ball, "trustee for Mary Ball, his daughter," and from John H. Ball, trustee, to E. M. Howard, Jr. The deed to Smith Ball, trustee, did not name the beneficiary, or state any of the terms or conditions of the alleged trust. The deed from Smith Ball, trustee, to John H. Ball, trustee for Mary Ball, his daughter," contains the following provision:

"The party of the second part has the right to lease, rent, sell, or otherwise dispose of said property for the benefit of the said Mary Ball, at his pleasure."

Appellant insists that Smith Ball, trustee, was without power to convey to John H. Ball, trustee, or to confer on John H. Ball, trustee, the power to sell the property, and that therefore the deed from John H. Ball, trustee, to E. M. Howard, Jr., passed no title to the property. Whether this contention is sound or not, we deem it unnecessary to decide. While the petition charges that John H. Ball, trustee, was without authority to sell and convey to appellee, the deed from Smith Ball, trustee, to John H. Ball, trustee, a copy of which is filed with the petition as an exhibit, and upon which appellant relies as to the source of her title, confers on the trustee the power to sell at his pleasure, and therefore, contradicts the allegation of the petition. To overcome the effect of that deed it was necessary for the petition to allege that Smith Ball, trustee, was without authority to convey or to confer on his grantee the power of sale. If it be answered that the deed from John H. Ball and wife to Smith Ball, trustee, shows on its face that the trustee was without power to sell or confer the power of sale on his grantee, the answer is that an exhibit can never supply the omission of an allegation essential to the statement of a cause of action. Lockhart v. Kentland Coal & Coke Company, 182 Ky. 673, 207 S. W. 17; Bank of Anderson County v. Foster, 146 Ky. 179, 142 S W. 225. Having this view of the case it follows that the demurrer to the petition was properly sustained.

Judgment affirmed.