## Schewe et al. v. Schewe's Administrator et al.

(Decided December 3, 1929.)

J. E. PLUMMER for appellants.

BLAKELY & KLETTE, LOUIS F. BROWN, JOHN B. THEISSEN and J. RICHARD UDRY for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

The administrator of Henry Schewe instituted this action for a settlement of the estate. The father and mother of Schewe, who were his heirs, and certain creditors, who had presented proven claims to the adminis-

trator, were made defendants. It was alleged in the petition that the personal estate of Henry Schewe was insufficient to pay his debts and the costs of administration, and it was sought to sell his real estate for that purpose. The Lewisburg Building Association No. 3 filed an answer and cross-petition setting up several notes and a mortgage lien on the land to secure the balance of $411.70 due thereon. Charles P. Lang in his pleading presented a claim for $2,000 based upon a promissory note and secured by a mortgage on the land. The same claim was presented for Lang's benefit by the Covington Savings Bank & Trust Company as trustee. The mortgage had been given to the trustee and stood in its name. Lang also presented to the administrator and later filed with the master commissioner, to whom the case had been referred, an unsecured claim arising upon a note for $200, and another arising upon an open account for $1,055.60. Exceptions were filed by the heirs to these two claims upon the grounds that they were not properly proven as required by statute and that the account was barred by limitations. The master commissioner reported in favor of the claimants, and the court confirmed the report. An order of sale was entered later, and the real estate was sold. This appeal is prosecuted by the heirs whose various contentions will be stated and disposed of in the order of presentation in their brief.

1. It is said the pleadings do not support the judgment. The point is addressed to the pleadings setting forth the notes secured by mortgages on the land. It is claimed that they failed to aver any promise to pay the amounts specified therein. Authorities are cited to the effect that under the prevailing practice a pleading upon a promissory note must aver a promise or agreement to pay, and to declare simply that a promissory note was given is but a legal conclusion presenting no issuable fact. Bank of Anderson County v. Foster, 146 Ky. 179, 142 S. W. 225; Huffaker v. National Bank of Monticello, 12 Bush, 287; Davis v. Moxley, 39 S. W. 1116, 19 Ky. Law Rep. 178; Moore v. Moxey's Adm'r, 39 S. W. 420, 10 Ky. Law Rep. 160; Creech v. Abner, 106 Ky. 239, 50 S. W. 58, 20 Ky. Law Rep. 1812; Newman on Pleading, sec. 310. But no particular form of averment is required and, if the facts averred state the contract or promise according to its legal effect, it is sufficient. Quigley v. Arteburn, 32 S. W. 165, 17 Ky. Law Rep. 565; Crawford v. Crawford, 222 Ky. 708, 2 S. W. (2d) 401; First New-

man's Pleading & Practice (3d Ed.) sec. 310. The pleadings assailed in this case were substantially alike. That of the building association averred that "on March 3rd, 1914, Henry Schewe, unmarried, executed to this defendant his promissory note for $1,500.00 payable in weekly installments of $3.00 as for principal and $1.80 as for interest on each and every Monday night." It further averred that the note contained a provision that, upon nonpayment of any installment of interest or principal, the entire unpaid balance should become due and payable.

The execution and terms of the mortgage securing the indebtedness were properly averred, and both the note and mortgage were exhibited. Substantially similar allegations were made respecting the other notes. The particular claim was allowed by the master commissioner, and no exceptions were filed to his report. Under the facts appearing, and the authorities cited, the pleading was plainly sufficient to support the judgment rendered thereon.

2. A demurrer was filed to the answer and crosspetition of the Covington Savings Bank & Trust Company and overruled. Motion was then made to require it to file the original notes and mortgage. The heirs also filed a reply to the answer and cross-petition of Lang, denying each and every allegation thereof, and pleading affirmatively that there was want of consideration for the note. The master commissioner heard proof and reported in favor of Lang, and his report was confirmed by the court. It is clear that the issues were fairly tried, and the evidence warranted the finding of the commissioner and the judgment of the court. No evidence was introduced to sustain the defenses interposed, and the argument that the claimant had not sustained his case is wholly untenable.

3. It is insisted that the affidavits required by the statute in support of claims against the estate of deceased persons were insufficient. The affidavit of Lang in support of his claim is defective, in that it does not contain a statement to the effect that no usury was embraced in the claim. Ky. Stats., sec. 3870. The itemized account indicates the fact that there was no usury charged, but there is no direct statement such as is contemplated by the statute. It does not follow, however, that an error has been committed. The court may require proper affidevit to be filed at any time before distribution. Huffman v. Moore, 101 Ky. 288, 41 S. W. 292,

19 Ky. Law Rep. 461; Hibler's Adm'r v. Bourbon Agricultural Bank & Trust Co., 225 Ky. 629, 9 S. W. (2d) 1008; Gay v. City of Louisville, 93 Ky. 349, 20 S. W. 266, 14 Ky. Law Rep. 327; Ky. Stats., sec. 3874. It is argued that limitation had run against the account of Lang. The master commissioner, in his report on claims, stated that the applicable statute of limitations was section 2515, which provides that an action upon an account between merchant and merchant must be brought within five years next after the cause of action accrued. This is conceded to be correct. Hetterman v. Oil Well Supply Co., 185 Ky. 290, 214 S. W. 923. The master commissioner further found that the claim was presented to the administrator and filed in court before the five years had expired. The last item in the account was a credit within the period of five years from the date the claim was presented. Section 2520, Ky. Stats. There was evidence that the account had been kept alive continuously and was not barred by the statute. We find no error in the action of the court regarding the defense based upon the statute of limitations.

4. It is further argued that the judgment is void on the ground that it was not within the issues. Lodge v. Williams, 195 Ky. 773, 243 S. W. 1011. But this was a suit to settle the estate, and the judgment allowing claims and directing a sale of property to pay them was within the issues. Furthermore, as we have already seen, there was no error in the proceedings of the court, and the argument calls for no discussion.

The judgment is affirmed.