## Gilreath v. Gregory.

November 10, 1950.

J. B. Johnson, Judge.

G. W. Stephens for appellant.

Leonard S. Stephens for appellee.

JUDGE CAMMACK—Affirming.

The appellant, Willie Gilreath, purchased two boundaries of timber in McCreary County from J. E. Douglas, a resident of Tennessee. In payment of the timber Gilreath executed two $750 notes to Mrs. J. E. Douglas. Both were dated August 6, 1947. One was due in 60 days and the other in six months. Mrs. Douglas sold the notes to a brother, Levi Gregory, who in turn sold them to another brother, Cleve Gregory. The six months note was not due when it came into Cleve Gregory's hands, but the 60 day note was past due.

Previous to this transaction Douglas had sold 400,-000 feet on one tract of timber to a partnership which, for the purpose of this opinion, we will refer to as the Joneses. The Joneses had quit cutting timber on several occasions and Douglas concluded that they had abandoned their contract with him. This conclusion was recited in Douglas' contract with Gilreath, so Gilreath was fully apprised of the Jones transaction.

After Gilreath started cutting timber the Joneses brought an action to recover for the additional timber due them under the contract. It developed in that action that the Joneses had cut only approximately 248,-000 feet of timber. Judgment went against Gilreath in favor of the Joneses for $1528.50. This represented the additional part of their 400,000 feet of timber calculated at $10 per thousand feet.

On direct examination Gilreath testified as to the Jones suit and as to his payment of their judgment. He said further: "I was to pay $1,500 for the timber when I bought it, and I have already paid $1,528.50, I think it is." On cross-examination it was brought out over Gilreath's objection that he had cut between 65,000 and 68,000 feet of timber in addition to the 152,000 feet for which he was forced to reimburse the Joneses at the rate of $10 per thousand, and also that there is still some timber standing on the land.

The court gave a peremptory instruction on the six months note, apparently on the ground that the appellee was the holder of it in due course. The jury found for the appellee in the full amount on the 60 day note. We are asked to reverse the judgment on the grounds that (1) a peremptory instruction should have been given for the appellant because the appellee had not listed the notes for taxation: (2) a demurrer

should have been sustained to the petition because the pleadings did not allege a promise to pay the notes; (3) incompetent evidence was admitted; and (4) the instructions were erroneous.

It is insisted that the notes were not listed for taxation as required by KRS 132.220, and, therefore, under KRS 132.300 they may not be sued upon. The notes were payable at Oneida, Tennessee, and were executed to Mrs. J. E. Douglas, who was a resident of Tennessee. Mrs. Douglas held them from August 6, 1947 to January 10, 1948. The appellee, Cleve Gregory, held the notes from January 25, 1948, to the date of the institution of this action on November 3, 1948. The pleadings did not show the residence of the appellee. Since there was no allegation that the appellee was a resident of Kentucky this defense must fail. Bowles v. Gilpin, 299 Ky. 495, 185 S.W.2d 698.

The appellee alleged that for good and valuable consideration he purchased the two promissory negotiable notes executed by Willie Gilreath in the principal sum of $750 each, payable at the First Trust and Savings Bank, Oneida, Tennessee. The petition set forth further that the notes were payable to Mrs. J. E. Douglas and that they later came into the hands of the appellee and that they were not paid at the named Bank or at any other place when due. The petition recites also that "the said notes are filed herewith, made a part hereof fully and completely with indorsements and marked 'Exhibit A and B' for identification to the petition." As said in Schewe v. Schewe's Adm'r, 231 Ky. 808, 22 S.W.2d 259, a pleading must declare more than that a promissory note was given, since that was but a legal conclusion presenting no issue of fact. But it is pointed out also in the Schewe case that no particular form of affirmation is required and, if the facts alleged state a contract or promise, according to its legal effect it is sufficient. In the case before us it was alleged that the notes were executed by the appellant and full information was given as to their execution and place of payment. It was set forth also that the notes were attached to the petition and made a part thereof fully and completely. Certainly Gilreath was fully apprised of the nature of the action he was called upon to defend.

We do not think the testimony given by Gilreath on cross-examination was incompetent. He stated that he had already been called upon to pay the Joneses $1528.50 for the timber. It was not prejudicial for the appellee to show that, in addition to the 152,000 feet of timber which Gilreath had cut and for which he had reimbursed the Joneses at $10 per thousand he had cut some 65,000 additional feet of timber and that some timber still remained standing.

We do not think the instructions were prejudicial to the appellant. Gilreath knew of the previous transaction between Douglas and the Joneses. There was no proof of fraud or misrepresentation on the part of Douglas. Gilreath admitted that he executed the notes and the burden was upon him to assert and prove a legal defense. This action in no way precludes any claim which he might have against Douglas.

Judgment affirmed.