CASE 66—ACTION TO RECOVER RENT—Oct. 1.

# Strange v. Gess.

APPEAL FROM FAYETTE CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS AFFIRMED.

EXEMPTIONS—UNLAWFUL APPROPRIATION OF PART OF ATTACHED PROPERTY—SET-OFF.

Held: The fact that a debtor, claiming exemptions out of attached property, appropriated to his own use, after the attachment was levied, a part of the property of greater value than the exemptions claimed, constitutes a complete defense to his claim.

W. G. DUNLAP, ATTORNEY FOR APPELLANT.

This is a proceeding by attachment for rent of a farm for the year ending March 1, 1900. The appellant filed answer to the suit claiming various credits, and claims $240 exemptions for himself and five children, and $70 provender for certain stock he held as trustee for his children. The sheriff levied the attachment on the wheat crop of 140 acres and on all the farming utensils and stock, and levied a second attachment on the corn crop and grass land. The case came to trial in the circuit court and the court dismissed the defendant's answer and refused to allow him any exemptions and it is from that part of the judgment refusing to allow the exemptions this appeal is taken.

In August, 1899, appellant's wife died leaving a will that was written before the attachment suit was brought, by which she left all her property both real and personal to her five children by name, and made her husband their trustee

Strange v. Gess.

without bond.    This property had been given to her by her
father two years before.    Appellant by his answer, says that
at the time of the levy of the second attachment of August 17,
1899, he had five children, and not sufficient breadstuff, nor pro-
vision of any kind nor money or other property to purchase
for himself and family provisions for one year, and he asks the
court to set aside out of $761.13 in the hands of H. M. Bos-
worth, receiver, the sum of $40 each, for himself and five chil-
dren.    This the court refused to do.

The proof of appellees showed that after the attachment of
August 17, 1899, appellant made use of and otherwise dis-
posed of the corn, wheat, straw, hogs, oats, etc., under attach-
ment, to the amount of several hundred dollars more than
his exemptions.    All of this is denied, but I take the broad
ground that even if the charge is true, appellee should have
held the receiver responsible or should have proceeded crim-
inally against appellant, and that appellant is still entitled to his
exemptions.

Columbia Finance & Trust Co. v. Morgan, etc., 19 Ky. Law
Rep.; Crigler & Crigler v. Connor, 15 Ky. Law Rep., 751;
Drake on Attachments, 5th ed., page 202; Gynne on sher-
iffs, page 217; Waits' Actions and Defences, vol. 6, p. 754;
Freeman on Executions, 2d ed., (vol. 1) 616.

GEORGE T. GESS AND L. J. WOOD, FOR APPELLEE.

The claim sued on by appellee amounted to $1,511, all of
which appellant admits in his amended answer to be due and
payable and withdraws all other claims against appellees ex-
cept for $240 exemptions.

The appellant by his own evidence shows that after the
levy of the attachments, he sold and used of the property at-
tached, more in value than the exemptions claimed, and upon
this evidence alone the court was bound to find against him.

OPINION OF THE COURT BY CHIEF JUSTICE PAYNTER—AFFIRMING.

The appellee instituted this action to recover a certain
sum for the rent of certain lands in Fayette county.    He
obtained an order of attachment, and had it levied upon
the personal property on the farm.    The appellant sought
to have the court adjudge him $240, being $40 apiece for
each of his five children and $40 for himself, which he

Strange v. Gess.

claimed he was entitled to as exempt, because he did not have breadstuff, etc., on hand to support himself and children. The appellee denied his right to have this sum adjudged to him as exempt, because, after the attachment was levied, the appellant appropriated to his own use part of the attached property of greater value than the exemption claimed. It is insisted on behalf of the appellant that, even if he did appropriate the property in the manner stated, still he was entitled to his exemption out of the attached property; that, if he was guilty of the wrong in appropriating attached property, he should have been prosecuted for it, but not be charged the value of it in determining the question of exemption. By appropriating part of the attached property he diminished, to the extent of the value of the property thus appropriated, the ability of the plaintiff to make his debt. He did not wait for the judgment of the court, but seems to have anticipated it, and took the property in advance. We do not think he had the right to do this, and then not be charged therewith. Suppose A. has an attachment levied upon four horses belonging to B., who, being a housekeeper, with a family, is entitled to two of them as exempt property, but before he makes the selection he runs off two of them, and puts it beyond the power of A. to reach them in satisfaction of his debt; could he then claim the remaining two as exempt. We think not. In such case to have seized and appropriated two of the horses which were levied upon was equivalent to selecting them as his exempt property. So in this case, when he appropriated part of the property which was attached, he elected to take it in lieu of the exemption to the extent of its value. As its value was equal to the exemption claimed, he was not entitled to have more adjudged to him. The judgment is affirmed.