Case 74.—ACTION BY ONE SERGENT AGAINST A. A. AM-
BURGY AND OTHERS, IN WHICH THE DEFENDANT,
THE BURT & BRABB LUMBER CO., FILED A CROSS-PE-
TITION AGAINST ITS CO-DEFENDANTS.—December 5.

## Amburgy, &c. v. Burt & Brabb Lumber Co., &c.

Appeal from Knott Circuit Court.

A. J. KIRK, Circuit Judge.

From the judgment Amburgy, &c., appeal.   Plain-
tiff's judgment affirmed.   Cross-petitioner's judg-
ment reversed.

1. Parol Agreement—Establishing Boundary Lines—Statute of
Frauds—Parol agreements establishing boundary lines be-
tween adjoining owners have been held not to be within the
statute of frauds and are enforcible, first, where the true
line is in doubt and there is a dispute between the adjoin-
ing owners as to its exact location; second, where the parties
have established the dividing line, although in doing so each
may have given up some part of his land to the other,
and each taking possession up to the agreed line; third,
where two tracts held by two parties interfere, the boundary
of one overlapping the other, there being a dispute as to the
superiority of the titles and as to where the true dividing
line is, an agreed line made, plainly marked, and recognized
by the parties for a considerable time will be upheld.

2. Same—But in this case, where there is no claim that there
was a dispute between the adjoining owners as to the true
location of the dividing line between them, there is no doubt
as to the superiority of the title where it conflicts.   There
was no mutual concession.   There was no marking of a
distinct line or otherwise establishing it, so that it could be
visible.   A parol agreement on a dividing line falls clearly
within the statute of frauds and is not enforcible.

3. Cross-petition—Summons—Judgment—Judgment   can   not . be
rendered on a cross-petition where the parties defendant have
not been summoned nor answered, and the court erred in hav-
ing the judgment to be fixed by the master commissioner.

SALYER & BAKER attorneys for appellants A. A. and Nancy
Amburgy.

Amburgy, &c. v. Burt & Brabb Lumber Co., &c.

## POINTS AND AUTHORITIES.

1. Plaintiff, in the court below, can not recover for trespass or judgment quieting his title unless he shows that he is the owner of the legal title, and in the possession of the land in dispute.

2. Plaintiffs, in cross-petition, can not recover judgment against co-defendants unless he has had summons issued and served, or there has been an appearance by answer or otherwise to the cross-petition, nor is he then entitled to any judgment on the cross-petition for a greater sum than that claimed.

## AUTHORITIES CITED.

Civil Code, sec. 97, sub-sec. 3; Horine v. Moore, 14 B. Monroe, 311; Sullivan v. Frankfort Building & Loan Ass'n, 13 Ky. Law Rep., 48; Mitchell v. The Fidelity Trust & Saving Vault Co., 20 Ky. Law Rep., 713; Thompson v. Moore, 91 Ky., 80.

H. H. SMITH and B. F. COMBS for appellees.

We concede that where the boundary between two adjacent land owners is unsettled and is liable to lead to dispute and litigation, a parol agreement in which they mark out a boundary between them is enforcible in equity and a defense in law; that such agreed line is held to be conclusive evidence of the location of the true line and that it is not a transfer of title, but a definite ascertainment of the location of the lands owned by the parties. But we advance the proposition, that the establishment of a division line may go so far as to be a direct contravention of the statute of frauds, amounting to a conveyance; that when the owner of a patent, almost the entire boundary of which, and especially when all the land conceded by the division line, is unenclosed woodland, makes a division line with an adjacent land owner, far inside his patent and taking a considerable part thereof, it amounts to a transfer of title and a subsequent purchaser can not be prejudiced thereby.

## AUTHORITIES CITED.

Greenleaf on Evidence, sec. 5; Robinson v. Corn, 2 Bibb., 124; Grigsby v. Combs, 14 Ky. Law Rep., 651; Jacobs v. Mosley, 4 S. W., 136; Atchison v. Pease, 10 S. W., 159; Sheets v. Sweeny, 26 N. E., 648; Fisher v. Bennehoff, 13 N. E., 150; Berry v. Evans, 28 Ky. Law Rep., 22; Napier v. Lost Coal Creek, filed November 15; Chatham v. Hicks, 28 Ky. Law Rep., 66; Frazier v. Mineral Div. Co., 27 Ky. Law Rep., 815.

OPINION BY JUDGE O'REAR—Affirming in part and reversing in part.

Appellee Sergent, alleging that he was the owner of a certain tract of land on Carr's Fork and its waters, in Knott county, sued appellants, Amburgy and Franklin and the Burt & Brabb Lumber Company, charging that they were setting up claim to thirty-six poplar trees on his land, which had been marked in the brand of the last-named company. The object of the suit was to quiet appellee, Sergent's title to the land and trees in question. Sergent claimed under a deed from J. B. Pigman, who was the patentee of the tract of land which embraces the trees and ter-ritory in dispute. Appellee, Burt & Brabb Lumber Company, claims through conveyances from Frank-lin and Amburgys. Franklin and Amburgy claim through J. W. Franklin, the patentee of a tract of land adjoining the Pigman patent. The boundaries of these two tracts interfere to the extent of a few acres; but, as Franklin's patent was the elder, Pig-man never claimed, so far as the record shows, within that conflict. Franklin also owned another tract, embraced by a patent which interferred with another tract, also owned by J. B. Pigman under another pat-ent than the one above alluded to. The elder Frank-lin and Pigman, about 1867, established a line be-tween their two patents last mentioned, but which was nowhere near the line now in dispute, nor did either of the tracts of land mentioned touch the land now in dispute. This agreed line between them was marked by a fence, and has been recognized by the parties, it seems, for nearly forty years. The elder Franklin and Pigman are both now dead. Appellants, Am-burgy and William Franklin, as well as the Burt & Brabb Lumber Company, claimed under the Franklin

title.   They asserted that the strip of land now in dispute was given over to J. W. Franklin as the result of the establishment of another agreed line, called a conditional line, made by J. W. Franklin and J. B. Pigman, at or about the time when the other agreed line above alluded to was made by them.   This last-named so-called agreed line was not marked.   The land was in the woods then, and is yet entirely unenclosed.   No particular acts of ownership have been exercised by the parties over the land in dispute until about the time of the bringing of this suit.

It is claimed by appellant that the elder Franklin and Pigman, in establishing the last-named agreed line, agreed to begin at a certain marked corner, which was marked, not as the corner of the agreed line, but as the corner of other established surveys, and then to run it with the dividing ridge, the land on one side falling to Pigman, and that on the other to Franklin.   If it had been true that the line had been established, as claimed, still it is also true that Pigman would have been giving up a number of acres of his land for nothing.   He got nothing whatever in return for it.   The alleged agreement was in parol. It is not claimed that there was any dispute or any misunderstanding between the elder Franklin and Pigman as to where their respective boundary lines were, nor as to the validity of either of the grants, nor as to the superiority of Franklin's grant to the extent that it interferred with the other.   The claim of appellants is, broadly, that Pigman agreed to surrender and give to Franklin a strip of land by parol agreement, and that they fixed upon a natural object to wit, the dividing ridge as the line between the land retained by Pigman and that which he ceded to Franklin.   As the timber and territory in dispute

lie wholly within the strip thus alleged to have been ceded to Franklin, it becomes necessary to determine its binding force, allowing that it is established by the evidence.

There have been quite a number of cases before this court, beginning in its very early history, and continuing until even the present term, which have held, broadly speaking, that parol agreements between adjoining owners of land, by which their dividing line is established, are not within the statute of frauds and perjuries.   We conceive that all these cases may be referred to one of three heads: One, where the true dividing line is in doubt, and there is a dispute between the adjoining owners as to the exact location, its true establishment depending upon variable facts or evidences in themselves not susceptible of certain determination.   In such case, where the owners agree upon a line as the true dividing line, and mark it, and thereby establish it as such, it is held that this agreement and action is not an exchange of lands, and is not, therefore, within the statute.   It rather comes under that head of evidence which holds that the acts and declarations of a claimant of land against interest are receivable against him and his privies in estate to prove that such was in fact the true boundary.   It further rests upon the announced principle that the courts favor settlements of disputes out of court by the parties concerned.   Where they themselves have agreed that the fact is so and so, that ought to be and is the end of the matter.   Another class of the cases is where the parties have established the dividing line, although in doing so each may have given up some part of his land to the other, and have executed the agreement by each one's taking actual possession of

the part allotted to him up to the agreed line, and for a long time thereafter recognized it as the true dividing line, it is held to be a good estoppel. The third class is not widely different from either of the others. Indeed, it partakes somewhat of both of them. It is where two tracts held by different owners interfere, the boundary called for by the title papers of one overlapping that of the other, there being a dispute and controvery as to the superiority of the titles, and consequently as to where the true dividing line between the two tracts actually is, an agreement between the parties to establish a dividing line between them, in pursuance of which it is established and plainly marked, and subsequently thereafter recognized by the parties for a considerable while as the true line between them, it is upheld. A number of cases decided under these principles are appended. (Brown v. Crow's Heirs (Sneed), 108; Robinson v. Corn, 2 Bibb, 124; Jamison v. Petit, 6 Bush, 669; Grigsby v. Combs, 21 S. W., 37, 14 Ky. Law Rep., 651; Jacobs v. Moseley (Mo.), 4 S. W., 136; Atchison v. Pease (Mo.), 10 S. W., 159; Frazier v. Mineral Development Co., 86 S. W., 983, 27 Ky. Law Rep., 815; Berry v. Evans, 89 S. W., 12, 28 Ky. Law Rep., 22; Cheatham v. Hicks, 88 S. W., 1093, 28 Ky. Law Rep., 66; Caudill v. Bayes, 89 S. W., 114, 28 Ky. Law Rep., 182; Lost Creek Coal Co. v. Napier (opinion filed November 15, 1905), 89 S. W., 264, 28 Ky. Law Rep., 369; Grider v. Davenport, 60 S. W., 866; 22 Ky. Law Rep., 1455; Campbell v. Campbell, 64 S. W., 458, 23 Ky. Law Rep., 869; Duff v. Cornett, 62 S. W., 895, 23 Ky. Law Rep., 297; Kelley v. Oldham, 46 S. W., 214; 20 Ky. Law Rep., 370; Young v. Woolett, 16 Ky. Law Rep., 767, 29 S. W., 879.)

The case at bar does not fall within any one of the three classes above enumerated. As indicated, there

is no claim that there was a dispute between the adjoining owners as to the true location of the dividing line between the adjoining tracts. There is no doubt as to the superiority of the title where it conflicts. There was no mutual concession. There was no marking of a distinct line, or otherwise establishing it so that it could be visible; its monuments giving notice to the world that a recorded written instrument between the parties would give. On the contrary, it amounts merely to one man's having a ceded title to land by agreement without consideration. ceding it to another man who happens to own an adjoining tract; the cession being by parol agreement alone. This transacton, we think, falls clearly within, and is subject to all the evils and vices aimed to be prevented by, our statute of frauds and perjuries, requiring a contract conveying title to land to be in writing and signed by the party to be charged. It would never do to say, and it has never been said authoritatively, that, merely because one man owns land adjoining another's, he may acquire the latter's land, or some part of it, by parol agreement, any more than if he did not own land adjoining. The single fact of proximity can not relieve the transaction from the perils and temptations to commit frauds and perjuries. On the contrary, it is more apt, if anything, to incite them, by exciting the cupidity of the covetous landowner, who invariably wants to extend his boundary or "straighten his lines." We are of opinion that the circuit court was correct in holding that the parol agreement was ineffectual to pass the title to the land in dispute in this case.

In the conveyance of the timber to the vendor of the Burt & Brabb Lumber Company a lien was alleged to have .been created upon the land of Am-

burgy to secure the title to these trees.  In its answer, which was made a cross petition against appellants, the Burt & Brabb Lumber Company set up this alleged lien, and asked that, in the event the trees should be adjudged to Sergent, it should be allowed to recover their value against the Amburgys, to be satisfied out of the land put in lien therefor.  There does not appear to have been a summons upon this cross petition, nor did the Amburgys answer it.  Notwithstanding, upon the circuit court's adjudging the timber to Sergent, it further adjudged that the Burt & Brabb Lumber Company recover from appellants the value of the trees, to be fixed by the master commissioner, to whom the case was referred, and adjudged a sale of appellant's land to satisfy the sum so ascertained by the commissioner.  This part of the judgment was erroneous in two particulars— one, in that it gave judgment against the Amburgys without their having been summoned or heard in that action, and, second, in leaving the matter of how much the judgment should be to the commissioner of the court.

The judgment in favor of appellee Sergent is affirmed; but, for the reasons given, the judgment in favor of the Burt & Brabb Lumber Company against appellant Amburgy is reversed, and cause remanded, with directions to grant appellants a new trial, as against the Burt & Brabb Lumber Company, under proceedings not inconsistent herewith.