## Keen v. Osborne.

(Decided November 11, 1919.)

### Appeal from Leslie Circuit Court.

Frauds, Statute of—Contract Not Within Statute.—Where there is a valid controversy as to the true location of the line between two adjoining landowners and they, in order to settle the dispute, agree upon a designated conditional line, following certain monuments, and the parties thereto take possession of the lands allotted to them, and each recognizes the right of the other to hold the land on the other side of the conditional line, the contract is not within the statute of frauds, but is enforceable in our courts.

C. K. CALVERT for appellant.

T. G. LEWIS and W. H. LEWIS for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Keen and Osborne are owners of adjoining tracts of land. They each claim a part of the William Hoskins 125-acre patent issued September 9, 1868. This action was commenced by Keen on February 18, 1915, for the recovery of a certain described boundary of land within the Hoskins patent then in the possession of Osborne, and for the sum of $200 in damages.

Osborne filed an answer in which he traversed the allegations of the petition and averred that he was the owner of the tract of land in controversy, describing it by metes and bounds; that his remote grantor, William Woods and Joshua Hoskins, the remote grantor of Keen, were adjoining landowners and had, more than thirty years before the filing of the answer, and in settlement of a boundary dispute, entered into an oral agreement whereby they established a conditional line between their lands; that in pursuance to said agreement the said Woods and Hoskins took possession of the lands allotted to them, and held, claimed and used the same to the conditional line, each recognizing the other's right to the lands up to the line. He also interposed a plea of ad-

verse possession, claiming to have held said lands adversely for fifteen years and thirty years. The answer was later amended, showing that the conditional line was established between Joshua Hoskins and his brother, William Hoskins, who then owned the lands now claimed by Osborne and Keen. Issue being joined, a trial was had before a jury to which the court properly submitted the question of the establishment of the conditional line by the original owners of the lands in controversy, and also the question of adverse possession made by Osborne, the jury returning a verdict for the defendant, Osborne, upon which judgment was entered. Keen appeals.

No doubt the trial was an extended one, for the witnesses were numerous. The evidence was not in the extended form so common now in our practice since shorthand has been introduced to take down each statement of the witness, but the bill of exceptions contains only the substance of what each witness testified to as was anciently the custom in this Commonwealth. Two maps accompany the evidence. There is a great contrarity in the evidence on the point as to whether a conditional line was established between the remote grantors of Keen and Osborne. Some of the witnesses testified to such an agreement and establishment of a conditional line, the erection of a cross-fence along said line, and other matters tending to establish the existence of such an agreement and line; while on the other hand, witnesses for Keen testified that no such an agreement was made or conditional line established. Keen insists that if there was such an agreement between the remote grantors of himself and Osborne that it was a mere parol agreement, and as there was no good faith dispute as to the exact location of the true line between the lands of the parties establishing the conditional line, there was no consideration for the agreement and it was not, therefore, binding. He also contends that a parol agreement to establish a conditional line is within the statutes of fraud and perjuries unless there is a dispute in good faith between the parties, arising out of conflicting claims to the land, and no such an agreement is binding until executed by the parties taking actual possession up to the marked or otherwise designated line. In support of this statement he cites the case of Amburgy v. Burt & Brabb Lumber Co., 121 Ky. 580; Warden v. Eddington, 131 Ky. 296; Ball v. Loughridge, 100 S. W. 275. The

principles of law governing the questions involved are well stated in the cases cited and well established and have often been recognized by this court. When we apply these rules to the facts of this case as disclosed by the record, appellants' claim of error vanishes. From the evidence of some of the witnesses it appears that there was a good faith dispute or controversy between the remote grantors of the parties to this action concerning the true line between their lands, and in settling that controversy many years ago, they fixed the line at a certain cross-fence, thence running with the top of a certain ridge. This made the line definite and certain. They each took possession of that portion of land allotted to them, and have held and claimed the same continuously, recognizing the line so long as they continued to be the owners of the lands, which was for a long period of years, and their successors in title continued to recognize the conditional line up until the bringing of this action. It appears, therefore, that the agreement was not only made, but was carried into execution, and having been carried into execution the successors in title to the parties to that agreement have not now the right nor the power to disregard it. Ball v. Loughridge, 100 S. W. 275; Cheatham v. Hicks, 88 S. W. 1093; Caudill v. Bays, 89 S. W. 114; Jamison v. Petit, 6 Bush 670; Grisby v. Combs, 21 S. W. 37; 14 Ky. Law Rep. 652; Campbell v. Campbell, 64 S. W. 458; Frazier, etc. v. Mineral Development Co., 86 S. W. 983.

We are not called upon to weigh the evidence or to determine the credibility of the witnesses, because these are matters wholly within the province of the jury. Our only concern is to determine whether there was sufficient evidence upon which to submit the case to the jury upon the two questions involved, (a) the contract for the establishment of the conditional line and its execution; (b) adverse possession. As there can be no question as to the sufficiency of the evidence to have warranted the trial court in submitting these questions to the jury, and as there is no valid objection to the instructions given by the court, we are of opinion that no reversible error is presented by the appeal, and the judgment must be affirmed.

Judgment affirmed.