## Debord, et al. v. Cline, et al.

(Decided November 6, 1925).

### Appeal from Martin Circuit Court.

1. Frauds, Statute of—Parol Agreements, Establishing Line Between Adjoining Landowners, are Enforceable as Not Being Within Statute.—Parol agreements, establishing line between adjoining landowners are not within statute, and are enforceable where true line is in doubt.

2. Boundaries—Purchasers of Land Held Bound by Survey Fixing Boundary Line in which Original Grantors and Their Intervening Grantees Acquiesced.—Where a will devising two tracts of land left the true boundary line in doubt, the line fixed by a survey, which was acquiesced in by devisees and their intervening gran-

tees before plaintiff purchasers acquired any\*interest in either tract, held binding on plaintiffs.

J. B. CLARK for appellants.

W. R. McCoy for appellees.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Affirming.

In 1874 John Davis, Sr., was the owner of a considerable boundary of land on Rockcastle creek in Martin county. In September of that year he executed his will, which was probated after his death in November, 1874.

In dividing his land between his children he devised two adjoining tracts to his son, John, Jr., and his son George W. He undertook in his will to give a description of each of those tracts, but as to certain lines in such descriptions they were general, inaccurate and confusing. After his death each, John, Jr., and George W., took possession of their tracts, and held them for a number of years without any definite line being fixed or agreed upon between them, the exact location of the line being in doubt. Some years later, however, while they each continued to be the owner of his tract so devised to him, George W. sold the mineral rights in his land, and this sale brought about a survey of his tract. That survey fixed the line between the two brothers, and the same was thereafter acquiesced in by each of them as long as they continued to own their several tracts, and they each pointed out the line so fixed by the survey to numerous persons as the correct line between them.

In 1922 this equitable action was brought by appellants, the remote vendees of John, Jr., against appellees, the remote vendees of George W., seeking to recover a small tract of land which they assert was embraced within the John, Jr., tract of land so devised to him by his father, and of which the plaintiffs claim now to be the owners. Their petition was dismissed in the circuit court, and they have appealed.

The evidence is convincing that although John Davis, Jr., appellant's remote vendor, was not present when the survey was made fixing the line between him and his brother, George W., he immediately thereafter was informed of how the line had been fixed and approved that line and acquiesced in it at all times, and pointed it out to numerous persons as the correct line. To all in

tents and purposes the line so fixed by the surveyors was an agreed line between him and his brother; for they each knew and recognized that there was some uncertainty as to the correct line between them under the descriptions in their father's will, and after it was so fixed by the survey they acquiesced in it and pointed to it as the correct line.

The well recognized rule is that parol agreements establishing a line between adjoining landowners are not within the statute of frauds, and such agreements will be enforced where the true line between the landowners is in doubt.

The survey fixing this line was made in 1889 or 1890, and as we gather from the record has been acquiesced in during all that time, not only by the two sons of John Davis, Sr., but by their intervening vendees, before either of the parties to this action ever acquired any interest in either tract. Amburgy v. Burt & Brabb Lumber Co., 121 Ky. 580.

The judgment of the chancellor is in accord with these views and upholds the validity of the lines so fixed and agreed upon by the brothers.

The judgment is affirmed.