**COFFEE, County Judge, et al. v. BORGER STATE BANK.**

**No. 3638.**

Court of Civil Appeals of Texas. Amarillo. April 8, 1931.

Rehearing Denied May 6, 1931.

Madden, Adkins, Pipkin & Keffer, of Amarillo, for appellants.

Works & Bassett, of Amarillo, for appellee.

HALL, C. J.

Appellee bank filed this suit against the county judge and county commissioners of Hutchinson county, and by amended petition made the Panhandle Bank of Carson county a defendant.

The plaintiff bank alleged: That the commissioners' court of Hutchinson county, having previously issued the notice required by R. S. art. 2544, over the name of the county judge, at the February term of the commissioners' court received sealed bids from the plaintiff bank, the First State Bank of Stinnett in Hutchinson county, and the Panhandle Bank of the town of Panhandle, in Carson

county, with the view of selecting a depository for the county funds, under title 47, chapter 2, V. A. T. S. arts. 2544–2558, inclusive. That on February 9, 1931, the court opened the sealed bids and caused them to be entered upon the minutes of the court. That the plaintiff's bid was a proposition to pay 2¾ per cent. upon the daily balance of such funds. That the First State Bank of Stinnett proposed to pay 2½ per cent. on such balances, and that the Panhandle Bank proposed to pay 3. per cent. That on said day the court entered an order reciting that each of the three banks had filed sealed bids which had been ordered placed upon the minutes of the court. That on motion of Commissioner Kirk, seconded by Commissioner Lasater, the court voted to reject the bids filed by the plaintiff, the Borger State Bank, and by the First State Bank of Stinnett, and to accept the bid of the Panhandle Bank of Panhandle, Tex., it having offered 3 per cent. interest upon the daily balance and that being the highest best bid offered. The prayer of the original petition is for a temporary injunction restraining the commissioners' court from approving the bond of the Panhandle Bank as such depository and from naming and designating said bank as a depository of the county funds during the term, and that "such order, however, to in no wise interfere with the acting of said Panhandle Bank as such depository under its former designation as such county depository and the payment of interest as provided in its former designation as such county depository for a prior term and until its successor is regularly and legally named."

Plaintiff further prays that the temporary injunction be made perpetual upon a final hearing; that a writ of mandamus issue requiring and commanding the commissioners' court to accept plaintiff's bid and proposal and designate it as such county depository during said term, etc.

On the 14th day of February, the district judge ordered the issuance of a temporary restraining order as prayed for in the petition upon the filing by petitioner of a bond in the sum of $5,000, and set the matter for hearing on February 18th. Thereafter the court entered its judgment reciting the prior issuance of a temporary restraining order, and proceeds as follows: "And the Court, after hearing the argument of counsel, took said matter under advisement and at a later date, on the 9th day of March, A. D. 1931, did announce that the Court was of the opinion that the law was with the plaintiff and that the plaintiff is entitled to the injunction prayed for on the state of the pleadings and exhibits, there being no oral evidence adduced." The issuance of the temporary writ is ordered, restraining the county judge and commissioners' court from approving the bond tendered by the Panhandle Bank pending the

further orders of the court and during the pendency of the case. "That said writ of injunction shall not in any wise interfere with the acting of said defendant Panhandle Bank as such county depository under its former designation until its successor is regularly and legally named."

From this order the county judge and county commissioners have appealed, naming the Borger Bank obligee in the bond.

V. A. T. S. art. 2544, provides that the commissioners' court of each county is authorized and required at the February term next following each general election to receive proposals from any banking corporation, association, or individual banker in such county that may desire to be selected as the depository of the funds of such county, and further provides for the issuance and publication of notice that bids will be received. It is conceded that this article of the statute has been complied with.

Article 2546 provides that it shall be the duty of the commissioners' court at 10 o'clock a. m., on the 1st day of each term at which bids are required to be received, to publicly open such bids and cause each bid to be entered upon the minutes of the court and to select as a depository of all funds of the county the banking corporation, association, or individual banker offering to pay the largest rate of interest per annum for such funds, and that the commissioners' court may reject any and all bids.

It is provided by article 2550: "If for any reason there shall be submitted no proposals by any banking corporation, association or individual banker to act as county depository, or in case no bid for the entire amount of the county funds shall be made, or in case all proposals made shall be declined, then in any such case the commissioners court shall have the power, and it shall be their duty, to deposit the funds of the county with any one or more banking corporation, association or individual banker, in the county or in adjoining counties in such amounts and for such periods as may be deemed advisable by the court, and at such rate of interest, not less than one and one-half per cent. per annum, as may be agreed upon by the court and the banker or banking concern receiving the deposit."

Numerous propositions and counter propositions are urged here, which cannot be properly considered upon an appeal from an order of the trial court made with reference to a temporary injunction. To dispose of these various contentions would, in effect, decide the material issues in the case.

As said in James v. E. Weinstein & Sons (Tex. Com. App.) 12 S.W.(2d) 959, 960:

"The law is well settled in this state that the purpose of the issuance of a temporary

injunction is to maintain the status quo in regard to the matter in controversy, and not to determine the respective rights of the parties under the cause of action asserted or defenses urged. Stolte v. Karren (Tex. Civ. App.) 191 S.W. 600; Crossman v. City of Galveston, 112 Tex. 303, 247 S.W. 810 [26 A. L. R. 1210]; City of Texarkana v. Reagan, 112 Tex. 317, 247 S.W. 816; Lane v. Jones (Tex. Civ. App.) 167 S.W. 177; Galveston & W. R. Ry. Co. v. City of Galveston (Tex. Civ. App.) 137 S.W. 724; 22 Cyc. 740; Joyce on Injunction, § 109.

"If the effect of the granting of a temporary injunction does more than preserve the status of the property as it had theretofore existed, and accomplishes the whole object of the suit, it would be improper for the court to grant same, as the legitimate purpose of the temporary injunction is merely to preserve the existing condition until a final hearing can be had on the merits. The court is without authority to divest a party of property rights without a trial and any attempt to do so is void."

 The record shows that, at the time the temporary injunction was ordered, the funds of the county were being held by the Panhandle Bank under appointment duly made, and that its liability for the funds was created by law for sixty days thereafter, so it appears from the record that, according to the status quo at the time the writ was granted, the funds of the county were being held by a duly appointed depository. The plaintiff does not question the solvency of the depository then holding the funds nor allege any reason why the Panhandle Bank should be dispossessed. On the contrary, in the prayer above quoted, it requests that the order should in no wise interfere with the acting of the Panhandle Bank as depository under its former designation. Since they do not question the right of the Panhandle Bank to hold the funds under its former designation at the time the writ was granted, no reason appears for ordering a temporary injunction restraining the commissioners' court from approving a bond to secure the county under an appointment for another term. Instead of preserving the status quo of the subject-matter of the suit, the effect of the injunction would be to unsettle it.

The commissioners' court had the right to reject all bids, and the plaintiff's bid was rejected, together with that of the Stinnett Bank. The fact that the commissioners' court received all of the bids and opened and recorded them at the same time in no way affects the rights of the parties. And the further fact that the order rejecting the bids filed by the banks of Hutchinson county also accepts the bid of the Panhandle Bank is of no consequence whatever.

Article 2550, in clear and explicit language, gives the commissioners' court authority to reject all bids, whether the bidders reside in or out of the county, and further clearly provides that, if for any reason all proposals made shall be declined, then the court shall have the power to select a depository either in the home county or in an adjoining county. The appellee contends that under article 2558 the commissioners' court was required, after having declined the bids filed by the two county banks, to then advertise for bidders from adjoining counties. The matter of selecting depositories for county funds is a special proceeding, and the method of doing so is prescribed by statute, and article 2558, which provides, "If there be no bank situated within the county that seeks to select a county depository, then the commissioners court shall advertise for bids in the adjoining counties," clearly has no application to the case before us, because two banks within the county did file bids and no evidence was introduced to show that the commissioners' court, in rejecting the bids of the two county banks, had abused its discretion. The allegations of the defendants' answer were sufficient to swear away the equities of the bill with reference to this phase of the case.

For the reasons stated, the order granting the temporary injunction is reversed, and the injunction is dissolved.