### Rader et ux. v. Goe et al.

(Decided May 26, 1931.)

S. P. STAMPER for appellants.

J. F. SUTTON for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Walker Goe and Thomas Warner sued J. I. Rader and Mary Rader upon three promissory notes for $350 each. J. I. Rader defaulted, but Mary Rader interposed

a defense consisting of a denial of the execution of the notes. A trial before a jury resulted in a verdict for the plaintiffs, and the defendants appeal.

The motion for a new trial assigned several grounds therefor, but in this court the appellants urge only that the verdict of the jury was contrary to the manifest weight of the evidence as to the signing of the notes by Mrs. Rader. The notes were signed by mark, and were witnessed by a brother of one of the plaintiffs. There was positive testimony that the notes were duly executed, and certain circumstances furnished cogent corroboration of the testimony. The denial by Mrs. Rader, and the proof offered by her to support her position made a sharp issue of fact which had to be resolved by the jury. The instructions are not criticised, and the finding of the jury is amply sustained by the evidence for the plaintiffs. It is the established rule that the credibility of the witnesses, and the probative force of the testimony are for the determination of the jury, and may not be rejudged by the reviewing court. Security Finance Co. v. Cook, 223 Ky. 124, 38 S. W. (2d) 187; Walker v. Hester, 178 Ky. 342, 198 S. W. 912; Keen v. Osborne, 185 Ky. 647, 215 S. W. 798. It is only when a verdict is palpably against the proof that this court is authorized to grant a new trial upon the ground that the verdict is not sufficiently sustained by the evidence. Howell v. Standard Oil Co., 234 Ky. 347, 28 S. W. (2d) 3; Louisville & N. Ry. Co. v. Jolly, 232 Ky. 702, 23 S. W. (2d) 564; Louisville & N. Ry. Co. v. Cornett's Adm'r, 237 Ky. 131, 35 S. W. (2d) 10; Commonwealth Life Ins. Co. v. Pendleton, 231 Ky. 591, 21 S. W. (2d) 985, 66 A. L. R. 1526.

In the instant case it cannot be said that the result reached by the jury was palpably against the evidence. Indeed, it is obvious that the evidence in favor of the plaintiffs was as cogent and convincing as was that for the defendants. The defendants were husband and wife, and partners in business, and gave the notes to pay for goods bought by the firm. They received and enjoyed the consideration, and the conduct of Mrs. Rader was consistent with the claim of plaintiffs that she had signed the notes to pay for property purchased for the use of her firm. In view of the evidence, no reason appears for disturbing the verdict of the jury, or the judgment of the court.

The judgment is affirmed.