## Kaminski v. Bartley.

April 21, 1944.

238

J. E. Childers for appellant.

A. E. Auxier for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

Instituted by appellants against appellee in ejectment, this action was eventually transferred to the equity docket by agreement, and, when submitted, involved but two questions, namely, whether the eaves of appellee's apartment house extended beyond the division line between his lot and appellant's, and whether, failing to establish this fact, appellants were entitled to recover damages on the theory that appellee's building is so constructed as to cast rain water from its roof onto appellants' residence. The Chancellor dismissed the petition, and so complete was appellants' failure to substantiate their subsidiary contention that we deem it necessary to comment only upon the Chancellor's judgment awarding appellee the disputed strip beneath the eaves of his building.

The adjoining properties are Lot No. 1 (appellee) and Lot No. 2 (appellants) in Block 4 of Ferrell's Addition to the City of Pikeville. Appellee acquired his title by conveyance on April 12, 1928, and appellants similarly acquired title on April 25, 1929. Both lots front on Third Street, and Lot No. 1 is at the southwest corner of Third Street and Scott Avenue. Lot No. 2 adjoins it on the south, and the line in dispute is the side line between the two lots.

While there is convincing testimony supporting appellee's plea of estoppel, and much to indicate that his engineer surveyor's location of the division line is technically correct, the facts pertaining to the ancient wooden fence which separated the properties as long ago as 1908 and the concrete wall built by L. L. Stone, one of appellee's predecessors in title, so conclusively establish appellee's right to the strip over which the eaves of his building extend as to render any detailed recitation of the testimony but a waste of valuable time and space.

In 1914, Stone, who then owned Lot No. 1, constructed a rough stone wall on his lot "just inside the posts," of the wooden fence. The stone wall extended from the property line on Third Street, a distance of approximately fifty feet, or nearly one-third of the lot's depth. A dispute arose between Stone and E. M. Hatfield, who at that time owned Lot No. 2. Hatfield, asserting that

the rough stone wall encroached on his lot, instituted an action against Stone which was compromised by the entry of an agreed judgment on October 10, 1917, reciting:

"That the defendant, L. L. Stone, is to remove the wall as now located between the parties hereto, and place of the wall as now located, the said L. L. Stone agrees to build a concrete wall so as not to extend over the line between the parties on the land of the plaintiff; that said concrete wall is to begin on level with the pavement as provided by the specifications of the street department of the City of Pikeville, Kentucky, and is to gradually raise in height so as not to exceed the height of 24 inches at any place; that said wall when so constructed shall be made smooth and solid, and it is further agreed that the cost of this action is to be paid by the plaintiff; no attorney fee to be taxed nor any witness claim allowed for defendant's witnesses, and that in consideration of the agreement as above set out this case is dismissed settled."

Both Hatfield and Stone testified in the present case that the latter built the concrete wall as required by the judgment; that it was built entirely on Stone's lot; and that the remaining portion of the old wooden fence extending from the point where it joined the concrete wall to the alley was recognized by both of them as the true division line between the lots.

It is conclusively shown that the eaves of appellee's building do not extend beyond a straight line co-incident with the south face of the concrete wall and extending to a point formerly occupied by a post of the old wooden fence at or near its juncture with the alley, from which it incontrovertibly follows that if, as it must, the division line, as established and agreed upon by Stone and Hatfield, be considered the true division line, appellants' claim that the eaves of appellee's building extend over appellants' property is unmaintainable, even though they had succeeded in their attempt to locate the original division line elsewhere. As said in Williams et al. v. Waddle et al., 285 Ky. 416, 148 S. W. (2d) 298, 301:

"* * * it is settled under our law that where the location of a division line is uncertain and there is a bona fide dispute as to its location and the parties agree on the line and execute the agreement by marking the

line or building a fence thereon, such agreement is binding on the parties."

See also Cassada v. Vanhook, 282 Ky. 383, 138 S. W. (2d) 1003; Hill v. Kerr et al., 277 Ky. 105, 125 S. W. (2d) 1005; Keen v. Osborne, 185 Ky. 647, 215 S. W. 798.

Judgment affirmed.