## McGEE v. TAYLOR et al.

Court of Appeals of Kentucky.

Sept. 28, 1951.

Thomas Burchett, Ashland, for appellant.
P. H. Vincent, Ashland, for appellees.

MOREMEN, Justice.

This is an action instituted by appellees, Robert Taylor and Harold Knittel, against appellant, Burton McGee, upon a promissory note for a balance alleged to be due and unpaid in the amount of $1,500 with interest. Appellant, by answer, admitted the execution of the note but pleaded payment, and made counterclaim against appellees for the sum of $2,749.47 averred to have been overpaid. Upon the trial of the

622

action, appellees were awarded $1,005.68 by the verdict of the jury. From a judgment entered on that verdict, appellant prosecuted this appeal and assigned as reasons of reversal the following grounds: (1) The court erred in failing to sustain appellant's demurrer to the petition; (2) the verdict is not sustained by sufficient evidence, is excessive, and appears to have been given under the influence of passion and prejudice; and (3) the court erred in admitting incompetent and irrelevant evidence.

In support of the first ground, appellant quotes language from the opinions in the cases of Bank of Anderson County v. Foster, 146 Ky. 179, 142 S.W. 225; Preece v. Burns' Adm'r, 258 Ky. 839, 81 S.W.2d 881; and Johnson v. Davis, 208 Ky. 496, 271 S.W. 551, which states that it is necessary to aver, in a petition seeking to enforce the terms of a promissory note, a promise to pay upon the part of the defendant. That is a settled rule of law, but we believe that the petition in the instant case meets the requirement of that rule. The pertinent allegation reads: "that the defendant did on the 2nd day of October, 1945 execute and deliver to these plaintiffs his promissory note whereby he promised and agreed to pay plaintiffs thirty (30) days after the date thereof the sum of Ten Thousand Dollars ($10,000.00) with interest at the rate of six per cent per annum from date until paid, for value received, which said note is just, due and unpaid, except as set out herein." Appellant further contends that a demurrer should have been sustained because the petition does not allege that any demand or presentment was made, or that protest or notice of dishonor or presentment was made or waived. It is well settled that notice of dishonor or nonpayment is not required to be given to the maker of a promissory note. Conn v. Atkinson, 227 Ky. 594, 13 S.W.2d 759. Nor is it necessary in cases involving notes of this character to allege that demand has been made. In the case of Gould v.

Bank of Independence, 264 Ky. 511, 94 S.W.2d 991, 993, it was said: "It is fundamental that when the date of maturity is definitely fixed in a note and the payor fails to discharge his obligation, the payee's right of action then accrues and it is not incumbent upon him, payee, to make any further demand before instituting his action thereon." The demurrer was properly overruled.

In support of the second ground, appellant contends that while his testimony was positive concerning payments on his account with the appellees, the testimony introduced in behalf of appellees was very vague. We have examined the testimony and are of opinion that the testimony offered by appellees, Robert Taylor and his wife, who was a bookkeeper, was just as certain and convincing as that given by appellant. In the case of Rader v. Goe, 239 Ky. 288, 39 S.W.2d 486, we said: "It is only when a verdict is palpably against the proof that this court is authorized to grant a new trial upon the ground that the verdict is not sufficiently sustained by the evidence."

There was a sharp issue in this case concerning whether or not certain payments made by appellant were payments made as credits upon the note or were payments upon a separate account or payments made in cases of cash transactions for the purchase of merchandise. The jury accepted testimony of appellees as being true and we find no reasons for disturbing the verdict of the jury.

In support of the third ground alleged for reversal, appellant contends that certain evidence was prejudicial to his rights and was irrelevant and incompetent, but points out no reason why he believes said testimony was prejudicial. While some of the evidence admitted is not confined to the narrow issues presented by the trial, we find nothing that could be deemed to be prejudicial.

Judgment is affirmed.