Mark CAVE, Appellant,

v.

John H. MONTGOMERY, County Judge,
et al., Appellees.

No. 6381.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 15, 1954.

Rehearing Denied March 15, 1954.

Smith, Eplen, Bickley & Pope, Abilene,
for appellant.

R. C. Hamilton, Amarillo, for appellees.

PITTS, Chief Justice.

This is a suit filed by one County Commissioner of Kent County, Texas, seeking injunctive relief against the other members of the Commissioners Court and others therein named to restrain them from selecting a designated bank in an adjoining county as county depository because of alleged irregularities in the procedure of the said Court. County Commissioner Mark Cave, appellant herein, sought first a temporary injunction against Honorable John H. Montgomery, County Judge of Kent County, W. R. Rodgers, Jim Wyatt and A. C. Cargile, County Commissioners, Olive Engledow, County Treasurer, and the Spur Security Bank of Spur, Dickens County, Texas, followed by a hearing for a permanent injunction. As a result of the appearance of all parties a hearing was held on March 19, 1953, and a temporary injunction was denied, from which an appeal was perfected but the trial court's judgment was affirmed by this court as reported in 259 S.W.2d 924, to which opinion we here refer for a more complete statement of the nature of the case.

Upon a hearing before the trial court for a permanent injunction conducted on September 7, 1953, the parties by stipulation agreed to submit the issues there raised to the trial court upon the record previously made in the hearing for a temporary injunction, except for other stipulations added thereto and hereafter referred to by us. After considering the issues presented, the trial court on September 30, 1953, entered its judgment denying the

permanent injunction sought by appellant from which judgment he perfected an appeal. Both appellant and appellees, by timely motions filed separately, sought successfully to have the contents of their respective briefs filed in this court on the former appeal from the judgment denying a temporary injunction considered respectively by us in determining the issues here presented on appeal from a final judgment.

On appeal appellant has challenged the official preliminary proceedings of all of the other members of the Kent County Commissioners Court leading up to the selection of a county depository finally at a time when he was not present due to illness and he likewise charges, in effect, that the purported depository contract entered into with the Spur Security Bank is void because it was illegally procured and was obtained without complying with the provisions of the law governing such matters. Appellant further charges that the prerequisite proceedings of the Commissioners Court were irregular because proper notice was not given for the selection of a county depository; because of the failure of the Commissioners Court to select a county depository at its regular February term of the court which began on February 9, 1953; because of its failure to comply with the law in thereafter selecting a county depository; because the question did not carry by a proper vote when acted upon by the Court; because the Court abused its discretion in choosing the Spur Bank as depository; because the purported contract contained no provision for the payment of any specified rate of interest on county funds deposited with the bank as depository; and because the purported contract made no provision for the depository of trust funds. The record reflects that appellant was present and participated in the meeting held on February 9, 1953, when no bids were received and the matter of selecting a county depository was deferred until February 17, 1953. No charge is here made by appellant to the effect that the Spur Security Bank was not solvent or that the county's funds would not be properly secured by the said Bank.

Article 2348, Vernon's Revised Civil Statutes of Texas, provides that the Commissioners Court of a county shall hold regular terms of court at the court house commencing on the second Monday of each month and continuing in session, if the business justifies, for a period of one week. It also authorizes special terms to be held upon the call of the county judge or any three of the commissioners. The matter of selecting a county depository is governed by Chapter 2, Title 47, Vernon's Revised Civil Statutes of Texas, or Articles 2544 through 2558a thereof. The law, in effect, requires the Commissioners Court of a county to select a county depository every two years at its regular February term following each general election, or as soon thereafter as wisdom, prudence and prevailing conditions will justify such action. If a county has no bank, or no suitable bank, within its limits, the Court may negotiate with one or more banks in adjoining counties to be its depository and may under such circumstances exercise its sound judicial discretion in selecting its county depository and seeing that its county funds are lawfully secured. Hurley v. Citizens' Nat. Bank of Sour Lake, Tex.Civ.App., 229 S.W. 663; Hurley v. Camp, Tex.Civ.App., 234 S.W. 577; Coffee v. Borger State Bank, Tex.Civ. App., 38 S.W.2d 187. If the Commissioners Court of a county receives no applications for a county depository at its regular February term or if all applications are declined by the Court, the Court may, as provided for in Article 2550, enter into a pledge contract with one or more banks in the county or in an adjoining county to be its county depository, provided its funds are there secured as required by law, in which event no further notice is required.

In the case at bar, the record reveals that Kent County has comparatively a small population and has no bank within its limits and that no request has ever been made for a depository for trust funds since the County and District Clerk has never held any trust funds in that county for

deposit; that on January 5, 1953, the County Judge gave notice of the county's intentions to accept bids for a county depository on February 9, 1953, and the same was published in "The Jayton Chronicle", the only newspaper published in Kent County, on January 22, 1953, January 29, 1953, and February 5, 1953, and such notice was likewise posted at the courthouse door; that at the request of the Commissioners Court a like notice by letter was also given by the County Attorney to banks located at Aspermont, Spur, Rotan and Post, each being in an adjoining county to Kent County; that the Court met in regular session on February 9, 1953, with all members present but received no bids for depository when the Court officially decided to defer the matter of selecting a county depository until February 17, 1953; that on February 17, 1953, all of the Court met as previously planned except appellant, Commissioner Mark Cave, who was ill, when the Court found two letters addressed to it from the First National Bank of Aspermont, which bank had been county depository for the past ten or twelve years, and the Spur Security Bank; that the said members of the Court there in session by agreement visited appellant in his home, with permission first obtained from him, where the said two letters were opened, read and discussed but no action was taken until the said members of the Court returned to the courtroom without appellant and there passed an order to enter into a contract with the Spur Security Bank to serve as county depository for a period of two years upon its qualifying as the law requires; that in casting their votes upon the order authorizing the contract, Commissioners Wyatt and Rodgers voted for the order and Commissioner Cargile voted against the order, County Judge, John H. Montgomery, being present and presiding did not vote but would have voted for the order had he voted because in his opinion the Spur Bank could better serve the interest and welfare of the County; that with all members of the Commissioners Court present except appellant a pledge contract was accordingly entered into between the Court and the Spur

Security Bank on March 2, 1953, upon a form provided by the State Comptroller and as provided for in Article 2550 and the said Bank satisfied the requirements of the law by securing the county funds on deposit with proper bonds. It is stipulated by and between the parties that the said county depository pledge contract has been approved by the State Comptroller since the trial on the temporary injunction and the county funds have been transferred from the Aspermont bank to the Spur Security Bank where they are being handled in accordance with the pledge contract at an interest rate of 1½% "on all thirty-day time deposits". It appears from the record that after Commissioner Cargile cast his vote against the pledge contract order and lost, he thereafter joined the other two Commissioners present in perfecting the record for a county depository, has been sued by appellant along with the others and appears here as one of the appellees.

■ We find no grounds for prejudicial error in the preliminary proceedings of the Commissioners Court or the final order passed by it selecting the county depository without appellant being present, since Article 2343 says:

> "Any three members of the said court, including the county judge, shall constitute a quorum for the transaction of any business, except that of levying a county tax."

While in this instance three Commissioners and the County Judge were present and all were participating in the meeting. It is admitted that the letters from the Aspermont and Spur banks being there considered by the Court did not meet the requirements of the law and did not therefore constitute legal bids for a county depository. Bowie County v. Farmers' Guaranty State Bank of New Boston, Tex.Civ.App., 289 S.W. 451. But the said letters did furnish a basis for negotiations for a pledge contract as provided for by Article 2550. The record reveals that the Aspermont bank offered 2% for the money on deposit, but the Commissioners who selected the other bank

testified that the difference between the offers made were very small and they believed it would be for the best interest of everybody concerned to select the Spur Bank as depository and they gave their reasons therefor, which need not be here repeated since no direct issue is here seriously made of that matter and since the members of the Commissioners Court have the right to exercise their own sound discretion in such matters and under such circumstances according to the authorities previously herein cited.

According to the record before us and under the law governing such matters, it is our opinion that the trial court was justified in denying appellant the injunctive relief sought. Appellant's points to the contrary are all overruled and the judgment of the trial court is affirmed.