# THE ATTORNEY GENERAL
# OF TEXAS
### AUSTIN 11, TEXAS
ATTORNEY GENERAL


June 6, 1962

Mr. Jack Fields
County Attorney
Calhoun County
Port Lavaca, Texas

Dear Mr. Fields:

Opinion No. WW-1347

Re: Whether it is now too
late for the Board of
Navigation Commissioners
of the Calhoun County
Navigation District to
advertise for a separate
depository for the sole
purpose of depositing
its tax funds and related
question.

You request our opinion on whether it is now too late for the Board of Navigation Commissioners of the Calhoun County Navigation District to advertise for a separate depository for the sole purpose of depositing its tax funds and a related question.

A summary of the relevant facts show that the depository for the navigation district was selected in 1955 by the navigation commissioners. Additionally and thereafter funds received from revenue bonds supported by a tonnage agreement and federal funds for construction of the Matagorda Ship Channel also have been placed in a depository selected by the Navigation Commissioners. The question concerns the depository for the tax funds, as in the selection of the depository for the funds from the revenue bonds no provision was made concerning the deposit of the tax funds. Further the Commissioners' Court of Calhoun County has not made any provision for the deposit of said funds and there are no bonds, warrants or other indebtedness to be secured by the taxes.

The Calhoun County Navigation District was created by Senate Bill 302, Acts of the 53rd Legislature, 1953, Chapter 195 page 535. In its creation it was authorized to exercise all of the rights, privileges and functions of a Navigation District created under the authority of Chapter 9, Title 128, Vernon's Civil Statutes of Texas, containing Articles 8198 through 8263k, Vernon's Civil Statutes. Within Chapter 9, Title 128 there are Articles 8244 and 8244a pertaining to the selection of depositories.

Article 8244, Vernon's Civil Statutes, states as follows:

"The navigation and canal commissioners of all navigation districts, whether created pursuant to Section 52 of Article 3 or Section 59 of Article 16 of the Constitution, shall select a depository or depositories for such district under the same provisions as are now or may hereafter be provided by law for the selection of the depository for the counties in this State. The navigation and canal commissioners in the selection of depositories shall act in the same capacity and perform the same duties as is incumbent upon the county judge and the members of the county commissioners' court in the selection of the county depository. Such depository or depositories selected or to be selected for such navigation district shall have all the powers and duties in the execution of a depository bond or bonds and/or in the pledging of collateral in lieu of or in addition to a personal surety or surety company bond as now provided by law or as may be provided by law in the selection of county depositories. When such depository or depositories have given bond or bonds as provided by law and the same have been approved by the navigation and canal commission, the county treasurer shall be required to give only such bond as the navigation and canal commissioners may require."

Article 8244a, Vernon's Civil Statutes, states in part:

"Section 1. This Act shall apply to all navigation districts heretofore or hereafter created under the provisions of Chapter 5, Acts 39th Legislature, Regular Session, 1925, as originally enacted or as subsequently amended or as hereafter amended, hereinafter referred to as 'Districts'. The term 'revenues' as used herein shall include all revenues, income, moneys, funds, or increment which may grow out of the ownership and operation of a District's improvements and facilities, but moneys derived from taxation are specifically excluded from

<u>said term and this Act shall have no application to tax funds.</u>"  (Emphasis added)

It can be seen that Article 8244a does not apply to money derived from taxation; therefore Article 8244 applies and we must go to the statutes relating to the selection of county depositories.  Provisions regulating the selection of county depositories are found in Articles 2544 through 2558a, Vernon's Civil Statutes.

Article 2544, Vernon's Civil Statutes, provides:

"The Commissioners Court of each county is hereby authorized and required at the February Regular Term thereof next following each general election to enter into a contract with any banking corporation, association or individual banker in such county for the depositing of the public funds of such county in such bank or banks.  Notice that such contracts will be made by the Commissioners Court shall be published by and over the name of the County Judge, once each week for at least twenty (20) days before the commencement of such term in some newspaper published in said county; and if no newspaper be published therein, then in any newspaper published in the nearest county.  In addition thereto, notice shall be published by posting same at the courthouse door of said county."

This has been interpreted in <u>Cave v. Montgomery</u>, 274 S.W.2d 855, 856 (Civ.App. 1954) as meaning:

". . .The law, in effect, requires the Commissioners Court of the county to select a county depository every two years at its regular February term following each general election, as soon thereafter as wisdom, prudence and prevailing conditions will justify such action.  . . ."

Article 2555, Vernon's Civil Statutes, provides:

"If for any reason, no selection of a depository be made at the time provided by law, the Commissioners Court may, at any subsequent time after twenty (20) days' notice select a depository or depositories in the

> manner provided for such selection at the
> regular time; and the depository or depos-
> itories so selected shall remain the depository
> or depositories until the next regular time for
> selecting a depository, unless the order selecting
> and naming such depository be revoked for lawful
> reasons."

Therefore, the Board of Navigation Commissioners is authorized to receive bids and go about the selection of a depository just as if they were selecting it at the regular time. It is the opinion of this office that this Article applies where the Board of Navigation Commissioners have not advertised to receive bids. Therefore, your first question is answered in the affirmative. The said Board may now by following the requirements of Article 2555, Vernon's Civil Statutes, select a new depository.

The answer to your second question, i.e., whether the funds may be withdrawn from the bank in which the funds are presently on deposit, in the event another bank is then selected as the depository, is also in the affirmative. The law requires the selection of a depository every two years. Article 2544, Vernon's Civil Statutes, and Cave.v. Montgomery, supra.

> "Public officers are but agents whose
> authority is defined and limited by the law
> and therefore known to all persons dealing
> with them. Their acts beyond their lawful
> powers are ineffectual to bind the public
> which they represent, and their neglect and
> laches can seldom affect public rights."
> Hale County, Texas v. American Indemnity,
> 63 F2d 275 (1933).

It is our opinion that merely allowing the funds to stay in a depository after the time for the new selection does not estop the navigation commissioners from withdrawing the funds. Since Article 2555, Vernon's Civil Statutes, authorizes the selection of a depository after the time when the selection is required by law to be made, then surely it is reasonable to assume that the commissioners have the authority to withdraw the funds and re-deposit them in the depository that they have been authorized to select. Therefore, it is the opinion of this office that the funds may be withdrawn from the present depository and deposited in the newly selected depository, assuming the statutes relating to bonds and approval of such bonds are followed.

## S U M M A R Y

The Board of Navigation Commissioners is authorized by Article 2555, Vernon's Civil Statutes, to advertise for a depository of its tax fund where such a selection has not been made since 1955.

The Board of Navigation Commissioners of Calhoun Navigation District may withdraw the tax funds from the present depository and deposit them in whatever qualifying depository it selects.

Very truly yours,

WILL WILSON
Attorney General of Texas

By: John H. Hofmann
Assistant

JHH:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Arthur Sandlin
Robert Scofield
Elmer McVey
Bill Allen

REVIEWED FOR THE ATTORNEY GENERAL
BY: Leonard Passmore