

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

March 5, 1970

Hon. William W. Day
County Attorney
Calhoun County
Courthouse
Port Lavaca, Texas 77979

Opinion No. M-592

Re: Authority of West Side
Navigation District in
Calhoun County to use an
out-of-county depository
when there are two banks
in such county, and re-
lated questions.

Dear Mr. Day:

In your letter requesting an opinion from this office, you submit the following facts which we quote as follows:

"There are two banks in the County of Calhoun--the First National Bank and the First State Bank and Trust Company. The First National Bank was the successful bidder for the depository for Calhoun County.

"The West Side Navigation District operates in Calhoun County and is a governing body with its principal office in Calhoun County and all of its commissioners are required to be residents of Calhoun County. The West Side Navigation District in the past years has been using an out of county bank as its depository. The First National Bank has presented me with a request that the West Side Navigation District be informed by my office that their depository is the same as the County's unless they wish to take separate bids."

With regard to these facts you submit the following questions:

"1. Can the West Side Navigation District use an out of county depository when we have two banks in the County?

"2.  Must the West Side Navigation District, if they do not let their depository out for bids, use the same depository as Calhoun County?"

The statutes which pertain to the selection of depositories by navigation districts are Articles 8221, 8244, 8244a and 8263e, Section 40, Vernon's Civil Statutes.  These statutes generally provide that the selection of depositories by navigation districts shall be, where applicable, in accordance with the provisions of the statutes relating to county depositories.  The matter of the selection of county depositories is governed by Articles 2544-2558a, Vernon's Civil Statutes.  With respect to these statutes, it was stated by the Court in Cave v. Montgomery, 274 S.W.2d 855 (Tex.Civ.App. 1954, no writ) at page 856 the following:

". . . The law, in effect, requires the Commissioners Court of a county to select a county depository every two years at its regular February term following each general election, or as soon thereafter as wisdom, prudence and prevailing conditions will justify such action.  If a county has no bank, or no suitable bank, within its limits, the Court may negotiate with one or more banks in adjoining counties to be its depository and may under such circumstances exercise its sound judicial discretion in selecting its county depository and seeing that its county funds are lawfully secured.  Hurley v. Citizens' Nat. Bank of Sour Lake, Tex.Civ.App., 229 S.W. 663; Hurley v. Camp, Tex.Civ.App., 234 S.W. 577; Coffee v. Borger State Bank, Tex.Civ.App. 38 S.W.2d 187.  If the Commissioners Court of a county receives no applications for a county depository at its regular February term or if all applications are declined by the Court, the Court may, as provided for in Article 2550, enter into a pledge contract with one or more banks in the county or in an adjoining county to be its county depository, provided its funds are there secured as required by law, in which event no further notice is required."

In exercising its discretion in the selection of a bank as the county depository, the Commissioner's Court's decision is

final in the absence of a gross abuse of such discretion. Citizens State Bank of Roby v. McCain, 274 S.W.2d 184 (Tex. Civ.App. 1954, no writ).

On the basis of the foregoing authorities, you are advised in answer to your first question that the West Side Calhoun County Navigation District may, in its discretion, designate an out-of-county depository in an adjoining county if the statutory procedure for the selection of county depositories has been followed.

As previously noted, the selection of a county depository is regulated by statute. Article 2544, Vernon's Civil Statutes, provides as follows:

> "The Commissioners Court of each county is hereby authorized and required at the February Regular Term thereof next following each general election to enter into a contract with any banking corporation, association or individual banker in such county for the depositing of the public funds of such county in such bank or banks. Notice that such contracts will be made by the Commissioners Court shall be published by and over the name of the County Judge, once each week for at least twenty (20) days before the commencement of such term in some newspaper published in said county; and if no newspaper be published therein, then in any newspaper published in the nearest county. In addition thereto, notice shall be published by posting same at the courthouse door of said county."

Consequently, in answer to your second question, you are advised that if the West Side Calhoun County Navigation District designated an out-of-county depository without complying with the notice provisions of Article 2544, Vernon's Civil Statutes, and the other applicable statutes pertaining to the selection of a county depository, such designation would be invalid. Nevertheless, we find no authority which would require the West Side Calhoun County Navigation District to designate the same depository as Calhoun County.

## S U M M A R Y

The West Side Calhoun County Navigation District may, in its discretion, designate an

out-of-county depository in an adjoining county if the statutory procedure for the selection of county depositories has been followed.

If the West Side Calhoun County Navigation District designated a use of county depositories without complying with the notice provisions of Article 2544, Vernon's Civil Statutes, and the other applicable statutes pertaining to the selection of a county depository, such designation would be invalid. Nevertheless, no authority is found which would require the West Side Calhoun County Navigation District to designate the same depository as Calhoun County.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Ivan R. Williams, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Acting Co-Chairman
Dan Green
Jimmy L. White
Fisher A. Tyler
Sarah Phillips

MEADE F. GRIFFIN
Staff Legal Assistant

NOLA WHITE
First Assistant

ALFRED WALKER
Executive Assistant